■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH BRUNO, Appellant.— Appeal from a judgment of the County Court of Sullivan County, rendered April 10, 1972, upon a verdict convicting defendant on two

counts of the crime of criminal sale of a dangerous drug in the third degree. Defendant was convicted of the crimes charged primarily upon the testimony of Trooper Venezia, who had allegedly purchased heroin from him on two occasions while working as an undercover agent. Trooper Venezia testified that these purchases occurred on March 30, 1971 and on April 8, 1971, and recounted the circumstances thereof. On cross-examination, the defense introduced into evidence an affidavit for a search warrant which Venezia had signed subsequent to testifying before the Grand Jury, which affidavit set forth that the purchases had occurred on March 16, 1971 and on April 17, 1971. Although Trooper Venezia recognized the signature on the affidavit as being his, he at first denied recognizing the document, denied the truth of the facts set forth therein, and subsequently testified that the affidavit had been prepared by another trooper and that he had made the mistake of signing it without examining it thoroughly. The prosecution thereafter introduced into evidence, over defendant's objection, so much of Trooper Venezia's Grand Jury testimony as was consistent with his trial testimony that the purchases took place on March 30 and April 8. Defendant contends that the receipt of this evidence was error, invoking the rule that a party, here the People, may not bolster the testimony of a witness by showing that he has made prior consistent statements (*Crawford* v. *Nilan*, 289 N. Y. 444). This rule, however, is subject to an exception where the testimony of a witness is assailed as a recent fabrication (*People* v. *Katz*, 209 N. Y. 311; *People* v. *Kelly*, 38 A D 2d 1004). Here, the credibility of the witness was attacked generally by adducing testimony that in the course of his undercover work it was necessary for him to make false statements; by going further and assailing the truthfulness of the witness' specific testimony regarding the dates of the purchases, in the face of a contradictory document, " the defense tactics thus could properly be treated as implying a fabrication " (*People* v. *Kelly, supra*, p. 1005). The test of admissibility of prior consistent statements is stated in terms of whether they were uttered prior to such time as a witness might have been affected by an influence or motive to falsify (*People* v. *Katz, supra*, pp. 340–341). In the present case, whatever motivations influenced Trooper Venezia's testimony at the trial would appear to have existed at the time he appeared before the Grand Jury. Therefore, the prior consistent Grand Jury testimony, having been uttered before the inconsistent affidavit, was properly admissible. We have examined defendant's remaining contentions and find them to be without merit. Judgment affirmed. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Main, JJ., concur.