■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD E. KORJUS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered December 15, 1972, convicting him of conspiracy in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and indictment dismissed. The facts have been considered and, if all of the trial testimony had been properly admissible, would have been established. Robert Burns, who was a witness at the defendant's trial, had previously been indicted for the identical crimes for which the defendant was on trial, and had pleaded guilty to a lesser offense in full satisfaction of the indictment. Furthermore, he was obviously one of the "two accomplices known to the Grand Jury", as set forth in the conspiracy count of the defendant's indictment. Therefore, despite his claim at the defendant's trial that he was not guilty of any wrongdoing, the trial court should have charged the jury that he was an accomplice as a matter of law (see CPL 60.22, subd 2). The court's failure to do so, and the lack of any nonaccomplice corroborating evidence tending to connect the defendant with the commission of the crime of which he was convicted, requires a reversal of the judgment of conviction and the dismissal of the indictment. Hopkins, Acting P. J., Cohalan and Damiani, JJ., concur; Martuscello and

Shapiro, JJ., concur as to the reversal of the judgment, but otherwise dissent and vote to order a new trial, with the following memorandum: We concur with the reversal of the judgment, but dissent as to the dismissal of the indictment. We do not believe that the indictment should be dismissed, but are of the view that there should be a new trial. On such new trial, Burns' status as an accomplice should be submitted to the jury as an issue of fact, arising from his claim that he did not know that the bills were counterfeit and upon a charge that if the jury were to find him to be an accomplice, the verdict would have to be one of not guilty.