THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY P. DARMETKO, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered December 22, 1975, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree. Defendant was indicted, tried and convicted of criminal possession of a weapon (Penal Law, § 265.02, subd [4]). He was sentenced to an indeterminate term of imprisonment not to exceed four years. This appeal ensued. Officer Heslin, the prosecution's main witness, testified that he was dispatched to an area in Cohoes, New York, where a group of people had gathered; that he was told by a security guard at the scene that guns were involved; that he attempted to obtain consent to enter a building in the area and when he was refused consent he ran to the back of the building; that as he turned the rear corner of the building he observed defendant in a semicrouched position with a piece of blue plastic swimming pool liner in his left hand and in his right a shiny brown object which he was placing beneath the liner; that defendant then moved toward the rear of the building and Heslin stopped him. Officer Heslin also testified that he then lifted the swimming pool liner and discovered a loaded pistol in a brown holster. On cross-examination Officer Heslin stated that when he arrived at the scene a security guard told him that defendant and another individual placed weapons inside a building. Heslin then identified defendant's Exhibit A as his report of the incident. No further use was made of this exhibit by defendant and it was not placed in evidence by defendant. Defendant then introduced a portion of a second report of Heslin which stated that the security guard told Heslin that only the other individual had placed weapons in the building. This portion of the second report was placed in evidence by defendant for the sole purpose of impeachment. On redirect the prosecution offered and the court received, over objection, the first page of Exhibit A and all of the second report into evidence. Defendant contends that the court improperly admitted the reports offered by the prosecution as they

constituted prior consistent statements. Ordinarily a party may not bolster the testimony of a witness by showing that he has made prior consistent statements *(Crawford v Nilan,* 289 NY 444; *People v Bruno,* 43 AD2d 873). For clarity, we note that defendant's Exhibit A for identification became prosecution's Exhibit No. 3 in evidence and that defendant's Exhibit B is a portion of what became prosecution's Exhibit No. 4 in evidence. Both of these exhibits are reports of the incident in question and contain almost identical versions of what transpired when Officer Heslin encountered defendant. In both reports Officer Heslin stated, among other things, that defendant had the pistol in his hand and was placing it under the swimming pool liner. Exhibit No. 4, however, contains, in addition, the statement that a security guard advised Heslin that one other than defendant had placed weapons in the building. On cross-examination of the officer he was asked if he assumed that defendant placed the weapon where it was found and if he had modified his testimony to the extent that he testified that the security officer told him defendant put the pistol in the building. As to Exhibit No. 4, it was defendant who put in evidence a portion of this report. Once having done this the prosecution, under these circumstances, had the right to offer the complete report unless the remainder was irrelevant or incompetent. In our view, it was neither. The jury, therefore, was entitled to see the officer's complete statement in order to assess his credibility in light of the full report as prepared. Consequently, on this record, the court properly received it. Even if Exhibit No. 3, on the other hand, was improperly received as a prior consistent statement, considering the record in its entirety, we are of the opinion that its admission was harmless *(People v Crimmins,* 36 NY2d 230). The security guard's testimony supported much of Officer Heslin's testimony and the guard also testified that she saw defendant point a pistol at another individual just prior to the arrival of the police. The record contains overwhelming evidence of defendant's guilt and the verdict should be affirmed. Judgment affirmed. Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.