(May 29, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDMUND VICTOR PICKETT, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered October 27, 1978, upon a verdict convicting defendant of the crime of robbery in the first degree. Defendant's participation in the armed robbery of a supermarket in Binghamton, New York, on July 16, 1978, was established through the testimony of an accomplice, Michael Jarrard, and by circumstantial proof. Contrary to defendant's arguments on this appeal, the evidence was more than legally sufficient and amply warranted the jury's verdict of guilt. We also reject defendant's contention that the trial court erred in allowing a police officer to relate the contents of a prior consistent oral statement made by Jarrard. Defendant was placed in custody within minutes of the crime after bystanders supplied police with the license plate number of the automobile used by the robbers in leaving the scene. The vehicle was located and briefly chased, but its operator eluded capture. It was discovered shortly thereafter, apparently abandoned, and defendant was apprehended while walking in the immediate vicinity with another individual. Although he was not directly identified by eyewitnesses, defendant's general physical characteristics and attire were quite similar to descriptions given by those at the market. Moreover, his companion possessed keys which operated the vehicle and in it the police found a revolver with an unusual gold-colored trigger guard. The store manager recognized it as the weapon displayed in the course of the robbery by the individual matching defendant's appearance, and another witness recounted that defendant had shown her this handgun approximately two weeks before the robbery. We need not decide whether these circumstances, standing alone, would support defendant's conviction, but we have no difficulty in concluding that such evidence adequately corroborated the accomplice's version of events. Jarrard detailed each stage of the crime and fully implicated defendant in its commission. According to him, they entered the supermarket wearing ski masks while another confederate waited outside in the automobile. The chase by authorities prompted the three to jettison some of the proceeds before continuing with their flight on foot. Jarrard managed to avoid detection and was separately arrested the following afternoon. Defendant's identification as a participant, though far from positive, his association with the escape vehicle, and his possession of a relatively unique revolver were all independently established without reference to Jarrard's testimony. Each factor had a real tendency to connect him

with the commission of the robbery and, cumulatively, they were plainly enough to meet the required level of corroboration (CPL 60.22, subd 1; *People v Arce,* 42 NY2d 179; *People v Daniels,* 37 NY2d 624; *People v Cunningham,* 64 AD2d 722). The prior consistent statement Jarrard gave to the police at the time of his arrest was properly admitted on rebuttal to counter the suggestion that his account from the stand was a recent fabrication (cf. *People v Singer,* 300 NY 120). In a lengthy cross-examination, it was developed that he had agreed with the prosecution to testify against the defendant in exchange for lenient treatment. Defendant asserted Jarrard was disposed to testify falsely in order to secure and to preserve this bargain, but, if so, that motive did not prevail when the challenged statement was uttered some two weeks before this arrangement was first proposed. True, Jarrard then faced prosecution on unrelated charges, yet he also knew that defendant had already been accused of the instant robbery and he had no reason to believe that the authorities would value his cooperation. His motive to falsify, if any then existed, was not the same as the corrupt desire to benefit from a prosecutor's offer which defendant so vigorously stressed at trial (cf. *People v Bruno,* 43 AD2d 873; *People v Kelly,* 38 AD2d 1004). The substance of the statement was first divulged by defense counsel in his opening remarks and its significance was not dramatized in rebuttal. In light of the overwhelming proof of defendant's guilt, we would regard introduction of the statement as harmless error in any event *(People v Crimmins,* 36 NY2d 230; see *People v Darmetko,* 56 AD2d 678). We have examined defendant's remaining arguments and find them to be without merit. Judgment affirmed. Mahoney, P. J., Kane, Staley, Jr., Casey and Herlihy, JJ., concur.