■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT K. LANZA, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered October 4, 1979, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the second degree. Judgment affirmed. No opinion. Main, J.P., Casey, Yesawich, Jr., and Herlihy, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. The underlying facts of this case involve the sale of cocaine by one Christopher Cunningham on February 20, 1979 at 4:00 P.M. in the parking lot of J. M. Fields, a department store located in Colonie, New York. An undercover policeman, John A. Liptak, together with a police informant named Aaron, drove in Aaron's car to the Fields' parking lot to meet Christopher Cunningham with whom Aaron had made a prior arrangement to purchase cocaine. The two parked in the lot and after a lapse of several minutes Cunningham approached them carrying a cue stick. He offered to sell it to the officer who acquiesced to its purchase. However, nothing more was done to complete the sale of the stick after the initial offer and acquiescence to buy. Aaron exited the car and moved away with Cunningham with whom he spoke privately out of hearing of the officer. Cunningham then walked past three rows of cars to another vehicle wherein defendant was seated. He opened the car door and leaned into it. He then returned to Aaron's car and sat down in the driver's seat. The officer asked him if he had the stuff and whether the deal was ready to go. Cunningham gave him a small package with white powder and said it would cost $225. The officer opened it and tasted a portion to test it and, on a prearranged signal from him, the other officers stationed nearby moved in and arrested Cunningham and the defendant. As the police moved in, Cunningham dropped another package on the pavement. Both packages were found to contain cocaine. Cunningham testified that it was defendant who supplied him with the cocaine for the sale and that he knew Aaron, the informant, from the time when both were incarcerated. He further testified that defendant had asked him to get rid of some cocaine and he set up the sale to Aaron. He said defendant drove him to the lot and during the trip gave him the cocaine for the sale. Cunningham also said that he had returned to defendant's vehicle to get a cue tip replacement. Neither Officer Liptak nor the other back-up police observed whether defendant had driven Cunningham

to the scene or whether Cunningham exited from defendant's car before approaching Aaron and Officer Liptak. The issue here is whether the evidence adduced at trial was sufficient to convict defendant of the crime. It is conceded that the witness Cunningham was an accomplice to the crime. It is necessary then that the record contain independent evidence that a crime has been committed and that defendant was implicated in its commission *(People v Wheatman,* 31 NY2d 12, cert den 409 US 1027). In the instant case, the sole independent evidence as to defendant's implication in the crime is the fact that Cunningham approached defendant's vehicle, opened the passenger door, leaned partly into it 'and returned to Aaron's car where the attempted sale occurred. Although a defendant's mere presence at the scene of a crime or his being in the presence of an accomplice has been held, in other cases, to be sufficient corroboration of an accomplice's testimony, the presence of a defendant in those cases logically led to the conclusion of guilt because of other attendant circumstances. For instance, in *People v Daniels* (37 NY2d 624), the presence of a defendant, very shortly before an arrest on premises where drugs and drug paraphernalia were lying openly on a kitchen table, was sufficient corroboration of the crime of possession of drugs. There the crime proceeded in such an open manner that defendant's criminality was reasonably inferred from his mere presence. In *People v Pickett* (75 AD2d 970), defendant's presence in the company of identifiable perpetrators of the crime, very near the escape vehicle which contained a unique gun traced to defendant's possession some two weeks before the crime of robbery occurred, was also deemed sufficient corroboration. In *People v Benoit* (72 AD2d 648), defendant's presence in a vehicle which had had its ignition switch pulled out was deemed sufficient corroboration of his criminality. In these and in other like cases, the presence of the defendant in each instance was buttressed by other circumstances, the totality of which constituted sufficient corroboration of defendant's involvement in the crime charged. Here, defendant's presence in the parking lot and Cunningham's momentary stop at defendant's vehicle are all innocuous actions and insufficient to corroborate the testimony of the conspirator, Cunningham. The judgment should be reversed and the indictment dismissed.