THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD J. DOBRANSKI, Appellant.

Third Department, November 4, 1982

APPEARANCES OF COUNSEL

*Raymond J. Urbanski* for appellant.

*D. Bruce Crew, III, District Attorney,* for respondent.

OPINION OF THE COURT

SWEENEY, J. P.

Defendant was charged in an indictment with the crime of attempted murder in the first degree. After a jury trial, he was found guilty as charged and sentenced to an indeterminate term of imprisonment of not less than 20 years nor more than life. This appeal ensued and defendant raises several issues urging reversal.

Initially, defendant contends that the court committed reversible error regarding the prosecution's cross-examination of Investigator Huyler of the Chemung County

Sheriff's Department. The record reveals that defendant and one Pike were drinking beer during the evening of March 10, 1980 and decided to rob certain employees of an establishment where Pike was formerly employed. Early the next morning they drove to the area in defendant's pickup truck. Their plans were abandoned, however, and they separated when they saw a police patrol car. Subsequently, defendant was stopped by a deputy sheriff and questioned and he denied that he owned the pickup truck. After it was ascertained that the truck was his, he was again stopped for questioning and it was at this time that defendant refused to be searched for weapons. He backed away from the deputy who had stopped him and the deputy attempted to grab him. Defendant then removed a pistol from his back pocket and shot the deputy in the lower abdomen. Two others at the scene witnessed the shooting.

The record further reveals that Pike was called by the prosecution and testified, among other things, that defendant, on the night in question, said "There is a cop", and also said "I'll kill him if I have to". On cross-examination the defense introduced prior statements of Pike wherein he stated that defendant said "I'll kill them". This latter statement was allegedly made immediately after defendant referred to the employees defendant and Pike intended to take as hostages and prior to the time defendant saw the police. Thereafter, defendant called Investigator Huyler and he testified that Pike stated to him on the night after the incident that defendant had said "They are not going to take me alive, if I have to I'll use it". On cross-examination the prosecution questioned Huyler regarding a statement made by Pike during a previous interview to the effect that Pike had told Huyler that he (Pike) had thrown a gun up on a roof. Defendant objected on the ground that it was an attempt to bolster Pike's credibility by showing a prior consistent statement.

■ It is well established that testimony of a witness may not be bolstered by showing that he has made prior consistent statements (*People v Trowbridge,* 305 NY 471, 475). An exception to the rule, however, occurs when the testimony of a witness is assailed as a recent fabrication (*People v Davis,* 44 NY2d 269, 277-278). "Recently fabricated"

means the same thing as fabricated to meet the exigencies of the case (*People v Singer,* 300 NY 120, 124). The instant record demonstrates that Pike was cross-examined by the defense concerning his participation in the conspiracy to commit robbery and the fact that he was not indicted for that crime and was on probation at the time for an unrelated crime. Clearly the defendant was attempting to show that Pike's testimony was a recent fabrication. Consequently, defendant's attempt to establish that Pike's trial testimony was fabricated to meet the exigencies of the case opened the door to allow the prosecution to bolster Pike's testimony by reference to prior consistent statements (see *People v Bruno,* 43 AD2d 873).

■ We now turn to the second issue raised by defendant wherein he contends that there was insufficient evidence to establish every element of the crime charged. Actually, the only element defendant seriously contends is lacking is that of the intent to kill. Defendant contends that he had been drinking and that the shooting was the result of an accidental discharge of the gun. Considering the record in its entirety, particularly the alleged statements made by defendant and the testimony of the two eyewitnesses, we are of the view that there was sufficient evidence presented to support the conclusion beyond a reasonable doubt that defendant intended to cause the deputy's death. The mere fact that a competing inference could be adopted did not preclude the jury from concluding as it did (see *People v Castillo,* 47 NY2d 270, 277).

Passing to a consideration of the alleged improper remarks made by the prosecutor in his summation, we note that no exception was taken nor was any motion for a mistrial made. We also find that the record does not contain anything in this regard that would cause us to reverse in the interests of justice. Accordingly, defendant's contention concerning the improper remarks made by the prosecution must be rejected (see *People v Bell,* 64 AD2d 785). We have considered the other issues raised by defendant, including the excessiveness of the sentence, and find them unpersuasive.

The judgment should be affirmed.

KANE, MAIN, MIKOLL and YESAWICH, JR., JJ., concur. Judgment affirmed.