■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS SIMON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered January 24, 1980, convicting him of robbery in the first degree (two counts), assault in the second degree and criminal possession of a weapon in the second degree, after a jury trial, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Defendant's conviction arose out of the shooting of, and the forcible taking of a bicycle from, one Trebor Powell. A key part of the prosecutor's case was the testimony of one Erwin Pridgen, who testified that (1) he, along with the defendant and two others, committed the crimes in question and (2) as a result of his participation in these crimes he pleaded guilty to robbery in the third degree. Under these circumstances, it is beyond question that Pridgen was an accomplice as a matter of law whose testimony required corroboration (see CPL 60.22; *People v Cohen,* 73 AD2d 603; *People v Korjus,* 54 AD2d 720). Accordingly, the trial court erred when it failed to charge the jury that defendant could not be convicted absent corroboration of Pridgen's testimony (CPL 60.22; *People v Minarich,* 46 NY2d 970). Since under the facts and circumstances of this case, the defendant's conviction rested substantially on the testimony of his accomplice, this error was prejudicial and requires a reversal. At trial, the complainant testified that during the incident defendant was holding a stick, and, after the complainant refused to give up his bicycle, defendant hit him on the head with the stick. The complainant further testified that (1) the defendant "had some goatee or facial hair, a beard" and was wearing a dark T shirt and (2)

Pridgen was in front of the complainant during the incident. The complainant's direct testimony was impeached on cross-examination. Defense counsel elicited that at a *Wade* hearing the complainant testified that he did not remember the person with the stick as having any facial hair, and that the person with the stick was wearing a light T shirt. Defense counsel further elicited on cross-examination that at the preliminary hearing, the complainant testified that Pridgen was standing behind him to his right. On redirect examination of the complainant, the prosecutor was permitted to read into the record, over defense counsel's objection, the complainant's preliminary hearing testimony wherein he described the stick hitting incident in detail and identified defendant as the man who hit him with the stick. The trial court committed prejudicial error in this regard. "It is now firmly settled in this State that an impeached witness cannot be rehabilitated by his antecedent consistent statements unless the cross-examiner has created the inference of, or directly characterized the testimony as, a recent fabrication * * * In such instances only, prior consistent statements made at a time when there was no motive to falsify are admissible to repel the implication or charge" (*People v Davis,* 44 NY2d 269, 277; *People v Singer,* 300 NY 120). Defense counsel's cross-examination of Powell was not intended to create the inference that his identification of defendant was fabricated, but was primarily intended to demonstrate that Powell's in-court identification was unreliable. Under these circumstances, Powell's prior testimony given at the preliminary hearing was not admissible under the "recent fabrication" exemption to the rule excluding prior consistent statements (*People v Ivey,* 83 AD2d 788, 789; *People v Falterman,* 74 AD2d 584; *People v Forest,* 50 AD2d 260, 262-263). During cross-examination of Pridgen, defense counsel attempted, *inter alia,* to establish that Pridgen's trial testimony was fabricated and that the prosecutor's plea offer to Pridgen had influenced Pridgen to falsely accuse the defendant. On redirect of Pridgen, the prosecution read into the record a portion of his plea hearing minutes wherein he stated that defendant had a stick and described the stick's dimensions. This was error, since the accusations against defendant by Pridgen at his plea, were made after, and not before the motive to fabricate had arisen (see *People v Katz,* 209 NY 311, 337-343). Nevertheless, in view of the fact that the court sustained defense counsel's objection and gave a curative instruction to the jury, this error was not prejudicial to the defendant. However, defendant was prejudiced when the prosecutor, during summation, ridiculed and denigrated the defense, and vouched for the credibility of his witnesses (*People v Lovello,* 1 NY2d 436; *People v Bennett,* 65 AD2d 801). The prosecutor also improperly appealed to the emotion of the jury when he suggested that Powell's testimony was trustworthy because of the "courage" that he displayed during the crime. Specifically, the prosecutor stated: "[W]hen Pridgen asked him for a ride on his bike Trebor Powell had the right to stand up for his rights and say No. And for his courage what did he get? He got this defendant smashing him in the head with a stick when he resisted" (see *People v Wallason,* 62 AD2d 1026). Finally, defendant's conviction of assault in the second degree must be reversed for another reason. The crime of assault in the second degree was submitted to the jury at the request of the prosecutor, over the defense counsel's objection, on the theory that it was a lesser included offense of the crime of attempted murder in the second degree for which defendant was indicted. Although assault at one time was held to be a lesser included offense of attempted murder (*People v Rosado,* 53 AD2d 816; *People v Huffman,* 60 AD2d 962), "[i]n the wake of the Court of Appeals decisions in *People v Green* (56 NY2d 427) and *People v Glover* (57 NY2d 61), such is no longer the case" (*People v Davis,* 95 AD2d 837, 838). Defendant was never indicted for the crime of assault in the second degree, "and the absence of

this nonwaivable jurisdictional prerequisite to the criminal prosecution is fatal to the judgment of conviction" (*People v Panuccio,* 90 AD2d 507, 508; *People ex rel. Gray v Tekben,* 86 AD2d 176, affd 57 NY2d 651). We have reviewed defendant's remaining contentions and find them to be without merit. Damiani, J. P., Lazer, Mangano and Boyers, JJ., concur.