■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY SEASE-BEY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Pizzuto, J.), rendered February 25, 1982, convicting him of robbery in the second degree, robbery in the third degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The complainant was robbed at knifepoint by two men on the second floor landing of his building. As the perpetrators left the building, he pursued them, yelling "These fellows robbed me". A number of young men joined the chase. Shortly thereafter, defendant was "flushed" out of the bushes and handed over to the police. Complainant made an on-the-scene identification of defendant as one of the robbers. Defendant insisted that he was merely one of the persons who had joined in the chase. That statement, made at the time of defendant's arrest, was admitted into evidence.

The main claim of error concerns the trial court's exclusion from evidence of the contents of a later statement defendant made to the police. At trial, defendant testified that as he was chasing the robbers, one of them dropped a watch which defendant then picked up. Following his arrest, defendant was brought to the police precinct. A search revealed that he had a watch in his pocket, which was subsequently identified as belonging to the complainant. Immediately upon discovery of the watch, defendant declared that he found it while chasing the robbers. Defendant was not permitted to testify as to what he specifically stated to the police when the watch was found; he was, however, allowed to state that he had made a statement to the police at that time.

Defendant's alleged statement made to the police at the precinct was hearsay (Richardson, Evidence § 200 *et seq.* [Prince 10th ed]). The one exception to the hearsay rule which is arguably applicable here is the rule that a prior consistent statement may be introduced to rebut a claim of recent fabrication (*People v Davis,* 44 NY2d 269; Richardson, Evidence § 519 [Prince 10th ed]). The People indeed argued that defendant's own testimony at trial represented a story that he made up "[f]or

the first time today". In such a case, the party presenting the testimony challenged as a recent fabrication may introduce a prior consistent statement that was made at a time when the declarant had no motive to falsify, in order to repel such imputation (*People v Davis, supra*, p 277; *People v Pickett*, 75 AD2d 970, 971). Since the statement was made after defendant was under arrest, and thus after he had a motive to falsify, this exception to the hearsay rule is inapplicable (*People v Davis, supra,* p 277; *People v Simon,* 96 AD2d 1086).

However, restrictive rules of evidence should be applied with caution when potentially exculpatory material is involved (*Chambers v Mississippi,* 410 US 284, 302; *People v Culhane,* 45 NY2d 757, 764 [Fuchsberg, J., dissenting], *cert denied* 439 US 1047). The instant statement was of this potentially exculpatory kind, in contrast to the statements in *People v Davis (supra)* and *People v Simon (supra)*, which were made by prosecution witnesses.

Nevertheless, we need not decide whether the trial court's decision to exclude this statement was error. In light of the overwhelming proof of defendant's guilt, any error due to the exclusion of the testimony was harmless. Defendant did testify as to how he allegedly acquired the watch, and the statement made at the precinct would have been of limited value, if admitted, since the jury would have recognized its potentially self-serving nature.

We have reviewed the defendant's other contentions and find them to be without merit. Titone, J. P., O'Connor, Lawrence and Eiber, JJ., concur.