OPINION OF THE COURT
Simons, J.
Defendant has been convicted of robbing King’s Variety Store in Albany. The conviction rests largely on testimony by his two accomplices, Ricky Cuff, who entered the store before the robbery, posing as a customer, and Jacob Whitbeck, who drove the getaway vehicle. They were the only witnesses who identified defendant as the gunman. On appeal, the Appellate Division reversed the judgment and ordered a new trial, a majority of the court agreeing with defendant’s contention that the People had improperly bolstered the accomplices’ testimony at trial by presenting to the jury written state *428 ments each had executed shortly after being taken into custody by the police. The People urge that the statements were properly received to rehabilitate the accomplices after defense counsel had claimed during cross-examination that their testimony was a recent fabrication invented to obtain preferred treatment from the authorities. The dissenting Justice at the Appellate Division, who believed the written statements were properly received, granted the People leave to appeal to this court. We now affirm.
Generally, the testimony of a witness may not be corroborated or bolstered by evidence of prior consistent statements made before trial (see, People v Davis, 44 NY2d 269, 277; People v Singer, 300 NY 120, 124; Crawford v Nilan, 289 NY 444, 450-451; People v Katz, 209 NY 311, 336-339). The reason, of course, is that an untrustworthy statement is not made more trustworthy by repetition. There is a recognized exception to the rule, however, which permits evidence of prior consistent statements when the witness’ testimony is assailed as a recent fabrication. Mere impeachment by proof of inconsistent statements does not constitute a charge that the witness’ testimony is a fabrication. But if the cross-examiner seeks to impeach the witness by evidence tending to show that his testimony is of recent invention, given under motives of interest or bias, the party calling the witness, in order to rebut that inference, may show that the witness made statements similar to his trial testimony at some earlier time when he was free from the alleged bias (see, People v Baker, 23 NY2d 307, 322-323; People v Mirenda, 23 NY2d 439, 451-452; People v Singer, supra). An impeached witness cannot be rehabilitated by his antecedent consistent statements unless the cross-examiner has created the inference of, or directly characterized the testimony as, a recent fabrication (People v Davis, 44 NY2d 269, 277, supra). If he does, then prior consistent statements which antedated the existence of the motive to fabricate alleged at trial may be admitted, not to prove or disprove any of the facts in issue, but to aid in establishing the credibility of the witness (see, People v Katz, 209 NY 311, 341, supra; People v Jung Hing, 212 NY 393, 401). If the same motive to falsify which exists at the time of the testimony existed at the time the prior consistent statement was made, the statement remains inadmissible (see, People v Davis, supra, at 278).
This rule applies equally to an accomplice witness. When an accomplice is called to testify for the People, an inference may *429 arise that he is incriminating defendant for the purpose of exempting himself from prosecution and, when defense counsel challenges the testimony as fabricated for such reasons, the People may properly show that the accomplice’s testimony is consistent with a version of the facts given before the motive to falsify arose (see, People v Baker, 23 NY2d 307, supra; People v Singer, 300 NY 120, supra; People v Katz, supra; and see, People v Branch, 34 AD2d 541, affd 27 NY2d 834; People v Sease-Bey, 111 AD2d 195, 196).
In this case the accomplices’ testimony was critical on the issue of identification and, when defense counsel challenged it as a recent fabrication, the People sought to reenforce the accomplices’ credibility by presenting to the jury the written statements they had executed at the time of their arrest. Whether the statements were admissible under the exception to the rule depends upon whether they were given to the police before the motive to falsify existed.
The robbery in question occurred November 1, 1979. Cuff was in the store at the time and was interviewed by the police at the scene. Whitbeck was questioned separately soon after-wards. Neither admitted prior knowledge of the crime, nor identified defendant. On November 5 the two men were again questioned. Cuff was taken to the police station first and told that Whitbeck had implicated him. After questioning, he confessed his complicity in the crime and identified defendant. The police then arrested Whitbeck at his home, told him that Cuff had implicated him and threatened him with a long prison term if he did not identify the gunman. After confessing and identifying defendant from photographs, both accomplices executed written statements consistent with their subsequent trial testimony.
At the trial, on cross-examination, defense counsel contended that the accomplices’ identification of defendant was a recent fabrication resulting from police pressure during custodial interrogation and motivated by the accomplices’ self-interest and hope for leniency. That motive arose on November 5 when the witnesses were arrested and charged with participating in the crime and inasmuch as the statements were given after the motive to falsify arose, the statements were not admissible.
The People contend that the motive to fabricate did not arise on November 5 because no plea bargain had yet been made, and was not made until a year and a half later. The *430 hope for preferred treatment, however, which was the only motive charged by the defense, was precisely the same at the time of arrest as it was at the time of trial, whether the plea bargain was entered into in November or several months later. Indeed, at the time of trial the accomplices had served their prison sentences and arguably had even less motive to falsify than at the time of arrest. In so ruling, the Appellate Division did not adopt a per se rule foreclosing the rehabilitation of accomplice witness by means of prior consistent statements; it merely applied established legal principles.
The dissenter at the Appellate Division, in support of his contention that the statements were admissible, relied upon our decision in People v Baker (23 NY2d 307, 322-323, supra), but Baker is distinguishable, for there the accomplice was cooperating with the police. Here, the accomplices, arrested and charged, were reacting to police pressure to name the gunman in the robbery. Their statements supported the clearly identified police theory of the crime and were the products both of their certain knowledge that they were accused of aiding in commission of the robbery, and of encouragement by the police to identify defendant. More importantly, however, in Baker defense counsel on cross-examination claimed that the accomplice fabricated his testimony not only because of a desire to avoid prosecution but also because he received preferred treatment in the form of money and food after giving his statement and before trial. Thus, while the accomplice’s motive to falsify in Baker was undoubtedly influenced by his knowledge that the police had evidence implicating him in the crime and his desire for leniency, it was also substantially influenced, as defense counsel had emphasized during cross-examination and as the court found, by the subsequent gifts of money and food (cf., People v Caserta, 19 NY2d 18). Inasmuch as the Baker accomplice’s statement, given prior to receiving these gifts, was consistent with his trial testimony and preceded significant events which defense counsel contended had influenced him to fabricate his trial testimony, the prior consistent statement was admissible. In this case, the motive to falsify existed when the written statements were given and it is not claimed that any other motives arose thereafter. Thus, permitting the statements to be received in evidence was erroneous and, given the nature of the proof, we cannot say it was harmless.
*431 Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Kaye, Alexander, Ti-tone, Hancock, Jr., and Bellacosa concur.
Order affirmed.