■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY PERFETTO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered April 10, 1985, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

On January 19, 1980, the body of Sheldon Horowitz was discovered on the premises of the Tropicana plant in Whitestone, Queens. He had been brutally beaten and died as a result of injuries which had apparently been inflicted by a heavy, blunt instrument. The record further discloses that Mr. Horowitz was an independent distributor of Tropicana products and that he frequently spent time on the plant's loading platform. The evidence adduced at the trial reveals that Mr. Horowitz was last seen alive at the plant at approximately 11:15 P.M. the night before his death.

The defendant, who was employed by Tropicana as a "loader", was observed at the plant at approximately 12:30 A.M. on Saturday, January 19, 1980. However, he failed to report for work, as scheduled, on Sunday morning. The prosecution established that the defendant had confided to friends, shortly after the incident, that he became involved in an altercation at work, that he had killed a man by hitting him over the head with a pipe, and that he needed money, specifically $1,500. It was further established, through the testimony of the decedent's wife, that approximately $1,600 was missing from her husband's possession.

Contrary to the defendant's contention, we find that the evidence adduced at the trial was legally sufficient to establish that the defendant murdered Sheldon Horowitz "in the course of and in furtherance of * * * or [in] immediate flight" from the underlying felony, i.e., the robbery (Penal Law § 125.25 [3]; see, People v Contes, 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Equally unavailing is the defendant's challenge to the admissibility of a certain interoffice memorandum, prepared by a night watchman at the plant, which was introduced, inter alia, as evidence that the defendant was present at the Tropicana premises on the morning of the murder. The testimony elicited at the suppression hearing established that the night watchman was required, as part of his duties as a security guard, to submit to his superiors reports concerning unusual events, such as the memorandum in question, and that he did so in the regular course of business within three days of the incident. Thus, we conclude that the subject memorandum was properly admitted under the business rec-

ords exception to the hearsay rule *(see,* CPLR 4518 [a]; CPL 60.10).

Finally, we find it necessary to comment upon certain transgressions committed by the prosecutor during summation. While it was clearly improper for the prosecutor to attempt to disparage and denigrate the statements made by defense counsel, those objections which were duly interposed by the defense were promptly sustained by the trial court and curative instructions were thereafter issued. We therefore conclude that the defendant was not deprived of a fair trial as a result of the remarks of the prosecutor during summation *(see, People v Simon,* 96 AD2d 1086).

We have considered the defendant's remaining contentions and find them to be devoid of merit. Mollen, P. J., Thompson, Eiber and Spatt, JJ., concur.