■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered December 11, 1986, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUBY WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered June 7, 1985, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The sole issue raised by the defendant on appeal is that the court improperly allowed the admission into evidence of a prior consistent statement by the defendant's accomplice, Allen Edwards, to the effect that he and the defendant had committed the crime together. During the cross-examination of Edwards, the defense counsel asked questions designed to create the inference that his testimony was a recent fabrication motivated by a favorable plea arrangement. Furthermore, counsel charged that Edwards had an additional motive to falsify his statements at the time of his arrest in that he was piqued by the fact that the defendant had identified him to the police as the gunman. The People thereafter recalled Detective Blum for the purpose of testifying, over the defense counsel's objection, with respect to the oral and written statements made by Allen Edwards at the time of his arrest on the ground that the defendant's counsel, during cross-examination of Edwards, "implied that Mr. Edwards developed a motive to frame Luby Williams, whether out of pique * * * at Luby Williams or, in the alternative, perhaps, in addition, in order to get a deal with the police or with the District Attorney". The trial court rendered the following limiting instruction:

"Such evidence has not been offered as a repetition of or to bolster the testimony of Allen Edwards. It has been offered by the People and may be considered by you only to negate the issue raised by the defendant that Mr. Edwards recently fabricated his testimony because of the plea agreement with the People and any sentence commitment of the Court.

"It is important that you limit your consideration only to this purpose. This evidence has not been offered to negate any other motivation to testify falsely which you may believe has been shown and which may have existed prior to the making of the statement".

Generally, the testimony of a witness may not be corroborated or bolstered by evidence of prior consistent statements made before trial *(People v McClean,* 69 NY2d 426, 428; *People v Davis,* 44 NY2d 269, 277; *People v Simon,* 96 AD2d 1086, 1087). A recognized exception, however, permits evidence of prior consistent statements in situations where the cross-examiner has created the inference of, or directly characterized a witness's testimony as a recent fabrication. In that case, "prior consistent statements which antedated the existence of the motive to fabricate alleged at trial may be admitted, not to prove or disprove any of the facts in issue, but to aid in establishing the credibility of the witness" *(People v McClean, supra,* at 428). This rule applies equally to accomplice witnesses *(People v McClean, supra,* at 428-429).

In the instant case, the defense counsel clearly created the inference that Edwards' testimony was devised well after the event in order to meet the exigencies of the case. Prior to making his statements relative to the robbery, Edwards had been informed by the arresting officer that the police had already spoken with the defendant. Inasmuch as the potential motives to fabricate, i.e., getting even with the defendant and obtaining favorable treatment for himself, arose before Edwards' prior consistent statements were made to the police, it cannot be said that those statements properly qualified for admission under the rule. However, in view of the trial court's limiting instruction and the overwhelming evidence of guilt, any error committed by the admission of the prior consistent statements was harmless and not prejudicial to the defendant *(see, People v Sease-Bey,* 111 AD2d 195, 196, *lv denied* 66 NY2d 618; *People v Simon, supra).*

Edwards' testimony was clearly not critical on the issue of identification inasmuch as the defendant acknowledged that he had accompanied Edwards to the scene of the robbery. The

victim of the robbery testified that, during the incident, the defendant was positioned in a nearby telephone booth watching Edwards and him. The defendant was already seated in the car with the engine running when Edwards completed the robbery and returned to the car. Significantly, the car was pointed in the direction of the Belt Parkway, toward which the perpetrators fled back to Brooklyn after the commission of the crime.

Marion Taylor, whom the defendant alleged was the person that telephoned at the time of the robbery, denied having received any calls at that time. She testified that the defendant subsequently approached her at her home with a request that she inform his lawyer that she and the defendant had spoken on the telephone on the night of the incident.

The gross disparities between the two statements proffered by the defendant to the police seriously undermine his credibility. In his initial statement, the defendant claimed that Edwards' commission of the robbery took him completely by surprise. He alleged that he only learned of the robbery after he had made his telephone call and after Edwards returned to the defendant's vehicle in great haste. The defendant and Edwards fled the scene. Once the defendant successfully managed to elude a pursuing vehicle, he ordered Edwards out of his vehicle and went home to bed. In his subsequent statement to the police, the defendant confessed that he was the owner of the weapon used in the robbery and admitted that he received $70 as his share of the proceeds of the robbery. He and Edwards then bought beer and marihuana with some of the proceeds. The defendant revealed that he had discarded the weapon in a sewer near his father's place of business where it was ultimately retrieved by the police.

In conclusion, even without considering the bolstering testimony of the accomplice, the record contains overwhelming evidence of guilt in that the defendant participated in the robbery as the lookout and getaway driver, provided Edwards with the weapon used in the commission of the crime and received an equal share in the proceeds thereof. Under the circumstances, the judgment of conviction is affirmed. Mollen, P. J., Thompson, Lawrence and Weinstein, JJ., concur.