THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS SWEET, Appellant.

Fourth Department, March 16, 1990

### APPEARANCES OF COUNSEL

*Thomas Lochner* for appellant.

*Kevin M. Dillon, District Attorney (Louis Haremski* of counsel), for respondent.

### OPINION OF THE COURT

BOOMER, J.

The issue on this appeal is whether a prosecution witness

who has pleaded guilty to an offense for which the defendant is being tried, but testifies at defendant's trial that she did not participate with the defendant in the crime, is an accomplice as a matter of law.

The prosecution witness, Terri Graves, met the victim, an acquaintance, at a bar and introduced him to defendant, her boyfriend. She asked the victim for a ride home for defendant and, with the victim driving, rode in the front passenger seat while defendant rode in the back seat of the automobile. When they arrived at defendant's residence, defendant struck the victim over the head with a bottle, robbed him of $200, and drove away in the victim's car.

Graves testified that she did not know that defendant was going to strike the victim and commit a robbery, that she protested when defendant struck the victim, that she did nothing to assist him in committing the crime, and that she did not receive any of the proceeds of the robbery. She explained that she pleaded guilty to criminal facilitation, not because she was guilty of assisting defendant, but because she was fearful of being convicted of the greater crime of robbery in the second degree. The trial court instructed the jury to determine, as a question of fact, whether the witness was defendant's accomplice.

Defendant seeks reversal of his conviction, contending that, because the witness had pleaded guilty to criminal facilitation in connection with the robbery, she was an accomplice as a matter of law. A witness will be deemed an accomplice as a matter of law where the evidence of the witness's complicity is undisputed *(People v Crutchfield,* 134 AD2d 508, 509-510, *lv denied* 71 NY2d 894). Where, however, different inferences may be drawn from the evidence regarding complicity, the question should be left to the jury for its determination *(People v Basch,* 36 NY2d 154, 157). Here, from all of the evidence, the jury could reasonably draw different inferences regarding Graves's complicity in the crime.

Graves's plea of guilty to criminal facilitation is evidence of her participation with defendant in the robbery. In view of the evidence to the contrary, however, it is not conclusive unless defendant can take advantage of the doctrine of collateral estoppel. Collateral estoppel is not applied to criminal cases in quite the same way as it is applied to civil cases and it has been repeatedly held that collateral estoppel will apply in a criminal case only if the parties are the same or so closely

related that they may be deemed as one *(People v Berkowitz,* 50 NY2d 333, 344-345). Collateral estoppel in a criminal case is not available to a defendant whose interests were not directly involved in the prior prosecution *(People v Oleksowicz,* 101 AD2d 119, 125). Here, defendant was not a party to the proceeding resulting in Graves's plea of guilty and defendant's interests were not directly involved in that proceeding. Thus, the doctrine of collateral estoppel does not preclude relitigation in the instant proceeding of the issue of Graves's complicity in the robbery. Sound policy reasons support this result. "[I]n the criminal law, in contrast to civil litigation, society has an overwhelming interest in ensuring not merely that the determination of guilt or innocence be made, but that it be made correctly. * * * [I]t is the correctness of the result which is of pre-eminent concern in a criminal prosecution, for the major function of a criminal proceeding is the conviction of the guilty and the acquittal of the innocent, not the swift resolution of some private dispute between the prosecutor and the accused" *(People v Berkowitz,* 50 NY2d 333, 345, *supra).*

Only one of the cases cited by defendant is in point. Only in *People v Korjus* (54 AD2d 720) did the witness assert his innocence at defendant's trial. In the other cases, witnesses had, by their prior pleas, admitted their complicity and there was no mention of any contrary testimony at the trial. Because the evidence of the witnesses' complicity was undisputed, the courts properly held that the witnesses were accomplices as a matter of law *(see, People v Beaudet,* 32 NY2d 371; *People v Pelc,* 101 AD2d 995; *People v Simon,* 96 AD2d 1086; *People v Hayes,* 85 AD2d 892). In *People v Korjus (supra),* the prosecution witness had been indicted for the crime for which defendant was being tried and had pleaded to a lesser offense in satisfaction of the indictment. By a divided court, the Second Department held that, despite the witness's testimony at trial that he was innocent of any wrongdoing, he was an accomplice as a matter of law. Because we conclude that a witness's plea of guilty does not preclude proof, in another criminal case involving another party, of the witness's innocence, we decline to follow the holding of the majority in *Korjus (supra).*

CALLAHAN, J. P., PINE, BALIO and LOWERY, JJ., concur.

Judgment unanimously affirmed.