■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN PHILLIP, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Goldman, J.), both rendered August 3, 1987, convicting him of robbery in the second degree under indictment No. 967/86, upon a jury verdict, and burglary in the second degree under indictment No. 9030/86, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The complainant was robbed by three men as he stepped out of his parked car. A week later, he recognized the defendant in a local pool hall and identified him to the police as one of the robbers. During the defendant's trial, the defense counsel questioned the complainant regarding an allegedly inconsistent description of the defendant set forth in a police complaint report. The court then permitted the prosecutor to refer to the complainant's prior consistent statements to an Assistant District Attorney and to the Grand Jury. Contrary to the People's contention, we find that the issue of the admissibility of the prior consistent statements is preserved for appellate review and further find that the court's ruling was erroneous.

A witness' prior consistent statements are inadmissible unless the cross-examiner has assailed the testimony as a recent fabrication *(People v McClean,* 69 NY2d 426; *People v Williams,* 139 AD2d 683). "Mere impeachment by proof of inconsistent statements does not constitute a charge that the witness' testimony is a fabrication" *(People v McClean, supra,* at 428; *see also, People v Davis,* 44 NY2d 269). The cross-examination here was an attempt to cast doubt on the reliability of the complainant's identification of the defendant, rather than an attempt to show that the witness' testimony was fabricated *(see, People v Simon,* 96 AD2d 1086).

Although the complainant's prior consistent statements were inadmissible, the error was harmless *(see, People v Crimmins,* 36 NY2d 230; *People v Williams, supra).* In this regard, we note that the complainant did not even respond to the prosecutor's question concerning his prior statement to the Assistant District Attorney. Moreover, the defense counsel subsequently relied upon the complainant's prior statements to the Assistant District Attorney to establish inconsistencies with his trial testimony. In addition, that portion of the complainant's Grand Jury testimony which was introduced by the prosecutor did not specifically refer to the defendant.

The sentences imposed were not excessive *(see, People v Suitte,* 90 AD2d 80). We note that the court found mitigating circumstances and imposed concurrent, rather than consecutive, sentences. Mangano, P. J., Kunzeman, Eiber and Harwood, JJ., concur.