■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY HARRIS, Appellant. [662 NYS2d 965] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of first degree robbery, third degree criminal possession of a weapon (two counts), petit larceny, second degree menacing, and resisting arrest. The charges arose out of defendant's robbery at knifepoint of the clerk of an adult bookstore and subsequent armed confrontation with the arresting officer. Defendant contends that he was deprived of a fair trial by the cumulative effect of four erroneous evidentiary rulings, by which the court: (a) admitted a prior consistent oral statement of the complaining witness to rebut a claim of recent fabrication; (b) admitted a prior consistent written statement of the complaining witness for the same purpose; (c) curtailed, as irrelevant, cross-examination of the complaining witness concerning security functions performed by him at the store; and (d) curtailed, as irrelevant, cross-examination of the arresting officer concerning reporting procedures when force is used to effect an arrest.

Evidentiary rulings (a) and (b) were erroneous. A party may not bolster the testimony of a witness by showing that the witness previously made statements to the same effect as his testimony (*see, People v McDaniel*, 81 NY2d 10, 16; *People v McClean*, 69 NY2d 426, 428). The hearsay rule is violated where the prior consistent statement is admitted for its truth.

Generally, that is the case even where the witness's credibility has been attacked by a showing that the witness made prior inconsistent statements (*see, People v McClean, supra,* at 428). There is a narrow exception, which permits proof of prior consistent statements to rebut a claim of recent fabrication (*see, People v McDaniel, supra,* at 18; *People v McClean, supra,* at 428). However, in order for that exception to apply, the prior consistent statement must have predated the motive to falsify (*see, People v McDaniel, supra,* at 18; *People v McClean, supra,* at 428). Here, the defense claim was that the witness's account was a fabrication from the outset, and thus the prior consistent statements were not admissible pursuant to that exception.

Nevertheless, any error in ruling (a) is harmless (*see, People v Crimmins,* 36 NY2d 230, 241-242). It is apparent that the prosecutor was not attempting to bolster testimony concerning the criminal transaction itself, but sought to elicit the witness's identification of defendant, the knife, and the videotape. Such identification testimony was proper, either to establish the relevance of the knife and videotape, or pursuant to a statutory exception for identification testimony (*see,* CPL 60.25 [2]). Further, the pretrial statement added nothing to the witness's unequivocal testimony concerning the robbery. Essentially the same evidence was admitted in proper form when the witness testified to his pretrial identification of the knife.

Similarly, any error in ruling (b) is harmless. The overwhelming evidence of defendant's guilt includes proof of defendant's admission to the theft; defendant's similar act in threatening the arresting officer with a meat cleaver; defendant's arrest while in possession of a knife, which defendant admitted possessing at the time of the theft; and the clerk's identification of the knife as the one wielded by defendant during the robbery. There is no significant probability that acquittal would have resulted if not for the erroneous rulings (*see, People v Crimmins, supra,* at 241-242).

Rulings (c) and (d) were in all respects proper. (Appeal from Judgment of Supreme Court, Monroe County, Strobridge, J.— Robbery, 1st Degree.) Present—Denman, P. J., Green, Lawton, Wisner and Balio, JJ.