■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNESTO ENCARNACION, Appellant. [954 NYS2d 522]—

Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered August 17, 2010, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of five years' probation with community service, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its evaluation of inconsistencies in testimony and of the explanation for defendant's delayed arrest.

The court properly exercised its discretion in granting the prosecutor's challenge for cause to a prospective juror. "It is almost always wise . . . to err on the side of disqualification" because "the worst the court will have done in most cases is to have replaced one impartial juror with another impartial juror" (*People v Culhane*, 33 NY2d 90, 108 n 3 [1973]). The panelist indicated that she was biased against the police and could not be impartial in this case (*see People v Arnold*, 96 NY2d 358, 362 [2001]). She gave sharply conflicting responses that, when viewed as a whole, could not be viewed as containing an unequivocal assurance of impartiality.

Defendant did not preserve his challenge to the People's use of a prior consistent statement to rebut a claim of recent fabrication, and we decline to review it in the interest of justice. Al-

though the record indicates that defendant objected to this evidence, there is no indication that he objected on the grounds he raises on appeal.

The prior consistent statement consisted of the victim's grand jury testimony in a proceeding that targeted another alleged participant in this assault, and that predated a motive to falsify that had been asserted by the defense (*see generally People v McClean*, 69 NY2d 426 [1987]). In that grand jury presentation, the victim did not refer to his second assailant by name, but only as "the big one." At defendant's trial, the prosecutor elicited a clarification from the victim that "the big one" referred to defendant.

On appeal, defendant's principal argument is that, under the circumstances of the case, the grand jury testimony could not rebut a claim of recent fabrication unless it specifically implicated defendant, and that the testimony failed to do so until it was embellished by the prosecutor's allegedly improper question. However, defendant did not object to the clarifying question or do anything else to alert the court to this particular claim.

As an alternative holding, we find no basis for reversal. The prosecutor's clarifying question was permissible, and the import of the victim's grand jury testimony presented a factual issue for the jury to resolve.

When the deliberating jury requested a readback of the grand jury testimony at issue, defendant requested, for the first time, an instruction that the grand jury testimony was to be used by the trial jury only for rehabilitation of the witness. We find that any error regarding the absence of such a limiting instruction was harmless (*see generally People v Crimmins*, 36 NY2d 230, 239-241 [1975]). Concur—Tom, J.P., Saxe, Richter, Abdus-Salaam and Feinman, JJ