Smith, J.
(concurring). I find this a puzzling case, because its facts are substantially identical, in relevant ways, to those in *234 People v Rosario (17 NY3d 501 [2011]) and Rosario’s companion case, People v Parada — but the result here is the exact opposite. Each of those previous cases, like this case, was a prosecution for sexual abuse of a child victim. In each, the victim was the People’s main witness. In each case, the People offered in evidence a prior consistent statement by the victim, in which she had disclosed the abuse to a friend or relative. In each of those cases, as in this one, the out-of-court statement provided compelling evidence that the child was telling the truth, and had neither invented her story out of spite nor been coached or pressured by anyone to tell it.
In Rosario and Parada, the majority held the children’s statements inadmissible, rejecting the People’s argument that they were within the “prompt outcry” exception to the hearsay rule. I dissented in Rosario, and concurred in the result in Parada (where the majority found the error to be harmless) (see 17 NY3d at 515-521). I acknowledged that the prompt outcry exception, as traditionally understood, did not fit the cases, but I said that the exception should be broadened, arguing that to keep the children’s out-of-court statements from the jury was unfair to the People and the victims, and risked a miscarriage of justice.
The only significant difference between this case and the two earlier ones seems to be that the People here do not rely on the prompt outcry exception to the hearsay rule, but assert that no exception is necessary because the out-of-court statement was not hearsay at all — that it was offered not to prove its truth, but for a nonhearsay purpose. The majority accepts this argument, quoting an Appellate Division case (also called, by coincidence, People v Rosario) that says such out-of-court statements serve to explain “the investigative process” and to complete “the narrative of events leading to the defendant’s arrest” (majority op at 231, quoting 100 AD3d 660, 661 [2012]). The majority adds that the out-of-court statement was “relevant to the jury’s assessment of complainant’s alleged motive to lie” (majority op at 232).
I am unable to follow the majority’s logic. Why did “the investigative process” here need explaining? What narrative was there to complete? The jury obviously knew that the victim had disclosed the abuse some time before the trial — what did it care when and how she did so, unless the nature and circumstances of the earlier disclosure persuaded the jury it was truthful? We have at times countenanced the admission of out-of- *235 court statements by alleged victims made to police officers, on the theory that it was important for the jury to understand that the police had a good reason for their actions (see People v Morris, 21 NY3d 588, 596 [2013]; People v Tosca, 98 NY2d 660 [2002]). Thus, the out-of-court statements in those cases were held to serve a purpose that did not depend on their truthfulness: whether true or false, they motivated the police to do what they did, and the motive of the police was something the jury might need to know. But the disclosure here was not made to the police: it was made to the victim’s brother and mother. The jury had no reason to know their motives — or, indeed, to know or care what they did in response to the disclosure of abuse.
As for the victim’s “alleged motive to lie,” how was the jury supposed to use the out-of-court disclosure to assess it without making any judgment about whether the disclosure was truthful or not? I would see the majority’s point if defendant had alleged a motive to lie that arose after the out-of-court statement — that would make the statement admissible under the recent fabrication exception to the hearsay rule (People v McClean, 69 NY2d 426, 428 [1987]). But there is no claim of recent fabrication in this case.
Despite what I consider to be flaws in the majority’s reasoning, I welcome the rule that this case seems to establish: that, at least in child sex abuse cases, testimony to the victim’s out-of-court disclosure of the abuse will be admissible where it is relevant to the victim’s credibility. I think, for the reasons given in my Rosario opinion, that such testimony enhances the likelihood of a trial that is fair to both sides. There is one important caveat, which I think is implicit in the majority opinion: the rule is limited to prior statements of a testifying witness. Prior consistent statements are, as the majority explains, a relatively benign form of hearsay (majority op at 230). It would be very different — and, in my view, would conflict unacceptably with the basic premise of the hearsay rule — to admit on a similar theory an out-of-court statement by a declarant not subject to cross-examination.