Matter of Russell-Ward (2019 NY Slip Op 08286)





Matter of Russell-Ward


2019 NY Slip Op 08286


Decided on November 14, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta, Presiding Justice, Dianne T. Renwick, Sallie Manzanet-Daniels, Angela M. Mazzarelli, Anil C. Singh, Justices.


M-6995

[*1]In the Matter of Mychel K. Russell-Ward, (admitted as Mychel Kema Russell-Ward), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Mychel K. Russell-Ward, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Mychel K. Russell-Ward, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on June 29, 2009.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Naomi F. Goldstein, of counsel), for petitioner.
Respondent pro se.



PER CURIAM.


Respondent Mychel K. Russell-Ward was admitted to the practice of law in the State of New York by the First Judicial Department on June 29, 2009, under the name Mychel Kema Russell-Ward. Although respondent's last known business address listed with the Office of Court Administration is in Maryland, this Court has jurisdiction based on her admission by this Court. The Attorney Grievance Committee seeks an order pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(3), immediately suspending respondent from the practice of law based on her willful refusal to comply with lawful demands of the Court or Committee in the Committee's investigation into allegations of professional misconduct which immediately threatens the public interest. The Committee asserts that respondent was given ample opportunity to cooperate with its investigation, noting that over the course of eight months the Committee sent respondent five letters directing her to submit an answer to allegations in the complaint specifically explaining certain disturbing emails to the New York City Bar Association, but respondent disregarded those repeated requests.
Respondent's purported "answer" is not only untimely, but fails to adequately explain the content of the emails she sent to the City Bar, and therefore, an immediate suspension is warranted (see Matter of Miller, 170 AD3d 1 [1st Dept 2019]; Matter of Thomas, 155 AD2d 61 [1st Dept 2017]).
Accordingly, the motion is granted to the extent that it seeks an interim suspension pursuant to 22 NYCRR 1240.9(a)(3), effectively immediately, without prejudice to respondent seeking to convert this to a medical suspension pursuant to 22 NYCRR 1240.14(b), if she is so advised.
All concur.
Order filed.
The motion is granted to the extent that respondent is suspended from the practice of law in the State of New York pursuant to 22 NYCRR 1240.9(a)(3), effective the date hereof, without prejudice to respondent seeking to convert this to a medical suspension pursuant to 22 NYCRR 1240.14(b), if she is so advised.