People v Cucuta (2021 NY Slip Op 07087)





People v Cucuta


2021 NY Slip Op 07087


Decided on December 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 21, 2021

Before: Renwick, J.P., Oing, Singh, Scarpulla, Pitt, JJ. 


Ind. No. 3340/16 Appeal No. 14884 Case No. 2019-5095 

[*1]The People of the State of New York, Respondent,
v
Abraham Cucuta, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Christopher P. Marinelli of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered
February 20, 2018, convicting defendant, after a jury trial, of two counts of murder in
the first degree, and sentencing him to concurrent terms of life in prison without parole,
unanimously modified, on the law, to the extent of reducing the mandatory surcharge to $250 and the crime victim assistance fee to $20, and otherwise affirmed.
The court correctly determined that the prior consistent statements given to the police by two witnesses were admissible in order to rebut defendant's claims of recent fabrication as to each witness (see People v Baker, 23 NY2d 307, 322-323 [1968]). Defense counsel attempted to persuade the jury that these witnesses were not credible because they were motivated to testify falsely by cooperation agreements that were entered into years after the two charged homicides. In exchange for their testimony, these agreements promised the witnesses favorable consideration in sentencing with regard to crimes unrelated to and that occurred after the homicides crimes for which defendant was being tried. "The prior consistent statements clearly predated that particular motive to falsify" (People v Flowers, 83 AD3d 524 [1st Dept 2011], lv denied 17 NY3d 795 [2011]; see also People v Burton, 159 AD3d 550, 551 [1st Dept 2018], lv denied 31 NY3d 1115 [2018]). Each witness's statement "preceded significant events which defense counsel contended had influenced him to fabricate his trial testimony" (People v McClean, 69 NY2d 426, 430 [1987]). In any event, any error was harmless (see People v Ludwig, 24 NY3d 221, 230 [2014]).
We perceive no basis for reducing the sentence. However, because defendant committed the crimes before the effective date of legislation increasing the mandatory surcharge and crime victim assistance fees, the judgment is unlawful to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2021