■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY MASON, Also Known as JOHNNY MASION, Appellant.— Judgment, Supreme Court, New York County (Richard Lowe, J.), rendered July 28, 1988, convicting defendant after a jury trial, of grand larceny in the fourth degree (Penal Law § 155.30), for which defendant was sentenced as a predicate felony offender to a term of incarceration of 2 to 4 years, unanimously affirmed.

Evidence of defendant's guilt in this case was established overwhelmingly by the testimony of a plainclothes police officer who observed defendant and an unapprehended accomplice set up and carry out a pickpocket operation against an 85-year-old woman in the Port Authority bus terminal. A detective also testified as an expert witness about how pickpocket operations are ordinarily carried out. Defendant has failed to preserve, as a matter of law, his specific challenge to admissibility of the expert testimony. (CPL 470.05 [2]; *People v Love,* 57 NY2d 1023, 1025.) Nor did the trial court, in whose sound discretion rests control over admissibility of expert testimony, abuse that discretion *(Selkowitz v County of Nassau,* 45 NY2d 97, 101-102) so as to warrant our review in the interest of justice. We note in passing that were we to review the claim, we would conclude that the expert testimony did not bolster the testimony of the police eyewitness.

Defendant's hearsay challenge to the testimony of an employee of the District Attorney, who explained the victim's

absence in terms of her advanced age, ill health and residence out of State, also is unpreserved as a matter of law by specific objection. Were we to review the claim in the interest of justice, we would find it to be without merit. The court provided a proper limiting instruction, explaining that the testimony was not being offered for its truth, and we are persuaded of the importance of the People's obligation to explain the absence of a critical witness.

Finally, defendant has failed to preserve, as a matter of law, his specific challenges to the prosecutor's summation comments (CPL 470.05 [2]; *People v Rivera,* 73 NY2d 941, 942). In any event, these claims are meritless and do not warrant review in the interest of justice. Concur—Kupferman, J. P., Ross, Kassal, Smith and Rubin, JJ.