(February 6, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY RIGHT, Appellant.—Judgment of the Supreme Court, New York County (Altman, J.), rendered October 12, 1989, convicting defendant, after a jury trial, of two counts of grand larceny in the fourth degree and one count of criminal posses-

sion of stolen property in the fourth degree, for which he was sentenced as a second felony offender to concurrent terms of from 2 to 4 years, unanimously affirmed.

Defendant and another perpetrator were observed by undercover officers, who were assigned to a pickpocket detail, approaching the victim in Penn Station. The perpetrators were further observed signalling back and forth before approaching the victim. Defendant stood in front of the victim, as the co-perpetrator stood behind her, and all three moved with the crowd to the train. The officers followed immediately behind. Defendant engaged the victim in conversation and at one point pushed her backwards. The perpetrator walking behind, carrying a newspaper and other items as a shield, opened her bag and extracted a wallet. Both perpetrators were immediately apprehended, identified, and arrested. The wallet was recovered. One officer was qualified to testify as an expert.

On appeal, defendant contends that it was unnecessary to adduce expert evidence, and that expert testimony only bolstered the testimony of the police officers. We have considered such claims, and rejected them in *People v Mason* (162 AD2d 144, *lv denied* 76 NY2d 860). Similarly, we reject defendant's claims now. Although the details of a pickpocket operation might be known by some persons in some general manner, it was proper for this officer to testify to the details of pickpocketing strategies. The test is whether such specialized knowledge presents a benefit to the jury *(People v Cronin,* 60 NY2d 430, 433). Introduction of such evidence rests in the sound discretion of the trial court *(supra).* In the present case, we find no abuse of that discretion. Nor do we conclude that this evidence in any way bolstered the testimony of police eyewitnesses *(People v Mason, supra).*

Finally, defendant's claim that the trial court improperly marshalled the evidence in the prosecution's favor is meritless. The court is not required to explain all the contentions of both parties or outline all inconsistencies in the evidence *(see, People v Saunders,* 64 NY2d 665, 667), and is only required to provide, in its discretion, a sufficient statement of facts to explain as far as is practicable the application of the law to the facts (CPL 300.10 [2]). We find no abuse of that discretion. Concur—Murphy, P. J., Carro, Milonas and Kassal, JJ.