■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS BODDIE, Appellant. [617 NYS2d 332] —Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered January 21, 1993, convicting defendant, after a jury trial, of attempted grand larceny in the third degree and sentencing him to a definite term of one year in jail, reversed, on the law, and the matter remanded for a new trial.

While the arresting officer was properly permitted to testify to the details of pickpocketing strategies *(People v Right,* 180 AD2d 430, 431, *lv denied* 79 NY2d 952; *People v Mason,* 162 AD2d 144, *lv denied* 76 NY2d 860), it was error for him to be permitted to testify that in about 98% of the 150 previous pickpocket arrests he had been involved in the pickpockets worked in teams of from two to four people. "The introduction of evidence of the practices [pickpockets] have used on other occasions may not be used to prove defendant's conduct on this particular occasion. The statistical evidence had nothing to do with this case and carried with it undue prejudice" *(People v Kelsey,* 194 AD2d 248, 253). Moreover, unlike *People v Tevaha* (204 AD2d 92, 93, *affd* 84 NY2d 879), where the background evidence was "brief and limited", in the present case the initial error was exacerbated by permitting the prosecutor, in summation, to repeat the objectionable testimony. Concur—Murphy, P. J., Carro, Ellerin, Wallach and Kupferman, JJ.