(January 27, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR HOLMAN, Appellant. [788 NYS2d 363]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered January 9, 2002, convicting defendant, after a jury trial, of grand larceny in the fourth degree (12 counts) and attempted escape in the second degree, and sentencing him, as a second felony offender, to an aggregate prison term of 2 to 4 years, unanimously affirmed.

On the existing record, defendant, who has not brought a motion pursuant to CPL 440.10 to expand the record to permit trial counsel to explain his tactics, has failed to show "the absence of strategic or other legitimate explanations" for the various aspects of counsel's conduct challenged on appeal (*People v Rivera*, 71 NY2d 705, 709 [1988]), and therefore we find that defendant received effective assistance (*see People v Benevento*, 91 NY2d 708 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Specifically, defendant complains that his trial counsel merely asked the second round of prospective jurors, as a group, whether they had heard what he asked the first round, and whether they could give the same assurances. Notably, defendant does not fault defense counsel for any inadequacy with respect to his voir dire of the first round of prospective jurors. Moreover, counsel's decision to pose the question to the entire

group, rather than to inquire of each individual, comported with the trial court's directive not to repeat information covered during the court's own extensive questioning or to take too long. Although the formulation of counsel's question lacked Ciceronian eloquence, it was still intelligible. The fact that no response was recorded by the stenographer is of no moment, since counsel had the ability to personally observe the jurors.

To the extent defendant suggests that counsel should have objected to expert testimony on pickpocketing, he acknowledges the authorities approving of such testimony and reposing discretion over the matter with the trial court (*see People v Cronin*, 60 NY2d 430 [1983]; *People v Right*, 180 AD2d 430 [1992], *lv denied* 79 NY2d 952 [1992]). The expert's opinions were limited to the hypothetical questions posed. Defense counsel elicited that the expert did not have any personal knowledge of the facts of the instant case, and that he had reviewed over 500 photographs of people involved in pickpocketing, but had never come across defendant's picture.

By bringing out that defendant had been sentenced to 15 years' imprisonment and paroled after serving seven years, even though the court had ruled at the *Sandoval* hearing that the People could only ask whether defendant had been convicted of credit card fraud in 1991 and forcible theft in 1993 in South Carolina, counsel did not improperly create the impression that defendant was a dangerous criminal by reason of the length of the sentence. Rather, the crime of "forcible theft" already conveyed the idea of violence, and informing the jury that defendant had been released early might actually have assuaged that, since the jurors could have inferred that defendant had comported himself well in prison and possibly even been reformed.

Defense counsel's comments that one police witness was commendable for changing jobs from "the finest to the bravest" and that another was a "very good officer" complemented counsel's legitimate strategy of arguing to the jury that the officers were good men, but mistaken with respect to defendant's participation in the crime charged. That strategy was particularly appropriate in light of the fact that the trial took place three months after the World Trade Center attacks, a time of heightened public sympathy for police and firemen. Finally, we note that defense counsel made appropriate pretrial motions, delivered cogent opening and closing statements, cross-examined the People's witnesses, guided defendant through his own testimony, and made objections during the trial. Accordingly, the record demonstrates that defendant was not denied

effective assistance of counsel. Concur—Buckley, P.J., Mazzarelli, Andrias, Marlow and Catterson, JJ.