■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FIGUEROA, Appellant. [851 NYS2d 521]—

Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered January 20, 2006, convicting defendant, after a jury trial, of robbery in the second degree (two counts) and criminal possession of a weapon in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 12 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. The victims satisfactorily explained the discrepancies between their trial testimony and their prior statements.

After the jury had sent a note indicating that it had reached a verdict, the foreperson sent a personal note to the court indicating that he did not feel "comfortable" about reading the verdict. The court inquired of the foreperson about the meaning of the note, outside the presence of defendant, his codefendant or any of the attorneys. Subsequently, the court informed counsel of the note, and related that during the inquiry, no mention of the verdict itself was made; instead, the foreperson stated that he was uneasy about having to read the verdict out loud in some sort of narrative form. The court related to counsel that when it assured the foreperson he would only have to answer the clerk's questions, the foreperson, who had not served on a jury before, was "relieved" and satisfied. In response to the prosecutor's question, the court stated that the foreperson never indicated any discomfort with the verdict itself, which was simply not discussed. Neither defendant objected to this procedure or sought a further inquiry of the foreperson. The jury then rendered its verdict, and, when individually polled, each juror including the foreperson agreed with it.

Subsequent to trial, the codefendant moved to set aside the verdict pursuant to CPL 330.30, on the basis that the court, in responding to the foreperson's note, failed to follow the procedure set forth in CPL 310.30, specifically in that he was absent when the court responded to the note. The foreperson signed an affidavit, which was obviously drafted by an attorney, in which he claimed that other jurors had coerced his verdict, and that he had communicated to the court that this was why he was uncomfortable announcing the verdict. However, during the course of a CPL 330.30 hearing, the foreperson conceded that he had never communicated to the court any discomfort with the substance of the verdict, but only with the process of reading it out loud; thus, he essentially corroborated the court's ver-

sion of the colloquy. The court, treating the motion as the motion of both parties, ruled that it had acted only ministerially, that defendants had waived any challenge, and that there was no basis to set aside the verdict.

We agree. Defendant presently argues that his own presence had been necessary and that counsel's presence would have elicited from the foreperson a better articulation of why he was "uncomfortable." The only reasonable conclusion to be drawn from this evidence, though, is that the court's interaction with the foreperson, involving only the mechanism by which the foreman would announce the verdict, was entirely ministerial. The court simply clarified what the foreperson meant by being uncomfortable, and it did not discuss anything about the law, the facts of the case or the verdict (*see People v Harris*, 76 NY2d 810, 812 [1990]). Neither defendant nor his attorney could have made a meaningful contribution (*see People v Williams*, 38 AD3d 429 [2007], *lv denied* 9 NY3d 965 [2007]), so their presence was not required (*People v Collins*, 99 NY2d 14 [2002]). Since the court's action was only ministerial and did not fall within its core responsibilities in responding to a jury note (*compare People v Kisoon*, 8 NY3d 129 [2007]), defendant was required to request a further inquiry of the foreperson or otherwise preserve a claim of error. We decline to review this unpreserved claim in the interest of justice. As an alternative holding, we also reject the claim on the merits. Defendant's claim that his or his attorney's presence might have helped determine the foreperson's actual but unarticulated concern is entirely conjectural, and is belied by the hearing testimony.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Williams, Sweeny, Catterson and Moskowitz, JJ.