THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK OCHOA, Appellant. [869 NYS2d 461]—

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant failed to preserve the

sufficiency issue, and we decline to review it in the interest of justice. Alternatively, we find that when viewed in the light most favorable to the People, the evidence permitted a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury" (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *see also Danielson*, 9 NY3d at 349). Robbery in the second degree, on the theory that defendant forcibly stole property with the aid of another person actually present, was supported by unrefuted testimony that the codefendant inexplicably apologized to complainant Ruballo shortly before the crime, raising the inference that he knew what was about to happen; that complainant Cruz observed defendant and his codefendant talking quietly immediately before the codefendant began wresting the property from Cruz and defendant's restraint of Ruballo as soon as she responded to the clamor; that Cruz was certain that defendant, the only other person present at the time, facilitated the robbery by pulling Cruz's jacket over his head from behind as he and the codefendant struggled; and that both assailants fled together after the codefendant beat and kicked Cruz to gain control of the property and wounded Cruz with a box cutter or razor dispenser provided by defendant.

Similarly, the weight of the credible evidence supported the verdict (*see Danielson*, 9 NY3d 342, 348 [2007]). Since acquittal would not have been unreasonable here, we must weigh the conflicting testimony, review any rational inferences that may be drawn from the evidence, evaluate the strength of such conclusions, and based upon the weight of the credible evidence, decide whether the jury was justified in finding the defendant guilty beyond a reasonable doubt. The principal evidentiary issues raised by defendant on appeal are the inconsistencies in Cruz's and Ruballo's various pretrial accounts of the robbery and the purportedly weak, conflicting evidence that defendant played any role in the robbery. In their trial testimony, both witnesses explained the inconsistencies as an attempt to conceal the fact that the site of the robbery (Ruballo's apartment) was essentially a "crack house" and admitted their drug histories; Cruz also professed to being "confused" by the questions. We, like the jury, find this explanation, as well as the testimony cited above, credible, and also find that the evidence leads to the rational and plausible conclusion, beyond a reasonable doubt, that defendant acted with the codefendant in committing the crime.

We find lacking in merit the assertion that the prosecutor improperly used Cruz's and Ruballo's prior consistent state-

ments to buttress their testimony, and in any event, that any error was harmless under the circumstances. As noted, Cruz and Ruballo admitted in the course of their trial testimony its inconsistency with their pretrial accounts of the robbery, and explained their earlier fabrications, which essentially altered the time of day and the location within the building where the robbery occurred. However, those fabrications were collateral to the core allegations of their testimony supporting the robbery charge—namely, that inside the building at the address and on the date specified, the codefendant forcibly stole Cruz's video game console by beating and cutting him, aided by defendant who was actually present—from which they never deviated. The cross-examinations of Cruz and Ruballo refuted the fabrications, but never refuted the core allegations. Moreover, the tenor of the prosecutor's redirect was not necessarily the rehabilitation of the two witnesses or the bolstering of their testimony. These efforts were directed at leaving the jury with the unrefuted core allegations supporting the charges by readily conceding Cruz's and Ruballo's liabilities and fabrications, and offering a plausible explanation for the latter. Specifically, on redirect, the prosecutor did not attempt to correct Cruz's false allegations to the grand jury, but sought to show that there were matters he was not "confused" about, which were consistent with his direct testimony. As to Ruballo, the prosecutor did not use her prior statement to the police to establish that she told the complete truth on direct about the circumstances surrounding the crime; rather, she asked Ruballo to reiterate the portions of her statement that were true and untrue (hardly different from defense counsel's cross-examination of Ruballo). The portion she confirmed as true was the basic information provided in the statement and on direct—e.g., her name, the defendants' names, the address of the building, and the location in the building where the incident occurred.

The trial court correctly found, after conducting a CPL 330.30 hearing, that defendant's contention that he was deprived of his right to be present at a material stage of the proceedings lacked merit, in addition to being waived as unpreserved. The jury foreperson's note was properly found to address a ministerial matter—the procedure to be followed in announcing the verdict—rather than a substantive one (*People v Collins*, 99 NY2d 14, 17-19 [2002]; *People v Bonaparte*, 78 NY2d 26, 30-31 [1991]), and defense counsel's failure to make the requisite objection or otherwise seek relief from the court's ruling in a timely manner waived such claim (*see People v Campbell*, 48 AD3d 204, 205 [2008], *lv denied* 10 NY3d 860 [2008]).

Defendant's pro se contention that he was afforded ineffective

assistance of counsel cannot be adequately reviewed upon the record submitted. By failing to seek CPL 440.10 (1) (a) relief, he failed to present a record of counsel's explanation for his trial tactics (*see People v Holman*, 14 AD3d 443 [2005], *lv denied* 4 NY3d 887 [2005]). To the extent we can review this claim based upon the record submitted, we find that counsel did provide meaningful representation at trial, as evidenced by defendant's acquittal of the most serious charges submitted to the jury, as well as the effective cross-examination of the complainants.

We have reviewed the balance of defendant's argument and find it without merit. Concur—Mazzarelli, J.P., Friedman, Nardelli and Williams, JJ.

Freedman, J., dissents in a memorandum as follows: I respectfully dissent, because I believe the trial court committed reversible error by allowing the prosecutor to bolster the testimony of Ruballo and Cruz, the two main witnesses against defendant, by introducing their prior consistent statements.

The jury's verdict, which convicted defendant of robbery in the second degree for robbing Cruz of his "Xbox" video game console and money in Ruballo's presence, by acting in concert with codefendant Nicholas Figueroa,[1] was based on the testimony by Ruballo and Cruz, who were the only witnesses to the incident. As defense counsel pointed out during cross-examination at trial, portions of Cruz's and Ruballo's testimony were internally inconsistent, or conflicted with each other's trial testimony, testimony at an earlier suppression hearing, or their own prior statements to the police investigating the incident or to the grand jury. For example, Cruz testified at trial that the robbery occurred both at about 8:00 A.M. and at 2:30 P.M. He also gave inconsistent accounts of whether defendants were waiting in the apartment where the incident commenced when Cruz and Ruballo arrived, or whether they were standing on the stoop in front of the apartment building and followed them into the apartment. He first testified at trial that defendant joined Figueroa in kicking him during the robbery, but later indicated that only Figueroa kicked him, and at various times stated that defendant and Figueroa had stolen $50 and $200 from him. Cruz also made inconsistent statements about what weapons defendant and Figueroa carried, the extent of defendant's involvement, and whether Cruz knew or had any relationship with the robbers.

Ruballo also made a number of inconsistent statements as to

---

1. Codefendant Figueroa, who was also convicted of second degree robbery as well as other crimes (*see People v Figueroa*, 48 AD3d 324 [2008]), did not raise the bolstering issue on his appeal.

the sequence of events during the robbery, her relationship with defendant and Figueroa, and whether she had seen them take any money from Cruz.

On redirect examination of Cruz, the prosecutor questioned Cruz about prior statements he had made that conformed to his trial testimony, asking him whether those prior statements were correct. Defense counsel objected, stating that the prosecutor was not permitted to ask about prior consistent statements, but the objection was overruled.

On redirect examination of Ruballo, the prosecutor proposed to "go through" Ruballo's written statement to the police "to clarify what's incorrect and what is correct." Defense counsel objected, stating, "The district attorney can not rehabilitate a witness with a prior inconsistent statement by picking out prior consistencies unless I claim recent fabrication on the witness stand. I'm not doing that." The court overruled the defense objection, noting that the "District Attorney is simply trying to ascertain which part of the statement is truthful and which part was not as already testified by this witness." The prosecutor then led Ruballo through several assertions in the statement, asking whether they were correct or incorrect. Counsel objected on the basis that "prior consistencies on an inconsistent statement are inadmissible," but the objection was overruled.

The prior statements constituted improper bolstering and should not have been admitted. Generally, a party may not rehabilitate a witness's testimony by showing that the witness previously made statements to the same effect (*People v McDaniel*, 81 NY2d 10, 16 [1993]; *People v McClean*, 69 NY2d 426, 428 [1987]; *People v Harris*, 242 AD2d 866 [1997], *lv denied* 91 NY2d 892 [1998]). However, after a witness's testimony is directly or inferentially assailed as a recent fabrication, the witness may be rehabilitated with prior consistent statements that predated the motive to falsify (*McDaniel*, 81 NY2d at 18; *McClean*, 69 NY2d at 428). In applying the exception, "it is important to identify when the motive to fabricate arose," and where "the motive may exist from the outset, . . . rehabilitation with consistent statements may be impossible" (*McDaniel*, 81 NY2d at 18).

While defendant's counsel did, in fact, confront Cruz with his prior inconsistent statements, he never suggested that Cruz had recently fabricated his account of the robbery. To the contrary, defendant's position was that Cruz had lied from the time he first made statements to the police. The People's argument that the prosecutor merely gave Cruz an opportunity to "clarify

what he was not confused about when he testified before the Grand Jury" is unavailing. The People cannot circumvent the rule against bolstering by characterizing the reexamination as a showing that Cruz was confused about some of his statements, but not all of them.

The prior consistent statements brought out on Ruballo's redirect were even more problematic, since the prosecutor went through Ruballo's written statement to the police while characterizing certain allegations as false, and thereby implied that the remaining statements were true.

The prosecution's bolstering cannot be excused as harmless error. The evidence against defendant was not overwhelming[2] and depended entirely on Cruz's and Ruballo's testimony. Cruz's and Ruballo's credibility as witnesses is at issue because they (along with the two defendants) were crack cocaine users; in fact, Ruballo described the apartment where the incident began as a "crack house." The jurors deliberated for three days and twice sent notes that they were deadlocked; quite possibly their impasse was caused at least in part by their wrestling with the witnesses' confusing and contradictory testimony. For that reason, I am of the opinion the matter should be remanded for a new trial. [*See* 10 Misc 3d 1060(A), 2005 NY Slip Op 52055(U).]

2.  The evidence against codefendant Figueroa was considerably stronger. For example, both Cruz and Ruballo testified that Figueroa had beaten and kicked Cruz, but their testimony conflicted as to whether defendant had done more than hold Ruballo back while Figueroa attacked Cruz. Moreover, at the sentencing hearing, Figueroa admitted that he had physically attacked Cruz and cut him, and he also stated that defendant was "innocent" and had not been involved with the incident between Figueroa and Cruz.