**CHENG CHUI PING, Petitioner,**

v.

**William WILLINGHAM, Warden–Federal Correctional Institution Camp Danbury, CT, Respondent.**

**No. 09 Civ. 9154(VM).**

United States District Court, S.D. New York.

Sept. 27, 2010.

Anne J. Lee, James E. Sherry, John M. Dowd, Akin, Gump, Strauss, Hauer & Feld, LLP, Washington, DC, James Philip Chou, Akin Gump Strauss Hauer & Feld LLP, New York, NY, for Petitioner.

Timothy Donald Sini, Assistant United States Attorney, New York, NY, for Respondent.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Petitioner Cheng Chui Ping ("Cheng"),[1] currently incarcerated at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury") brings this motion to vacate, set aside, or otherwise correct her conviction and sentence, pursuant to 28 U.S.C. § 2255 ("§ 2255"), against William Willingham, Warden of FCI Danbury ("Respondent"). Cheng is serving a thirty-five-year sentence for conspiracy, money laundering, and trafficking in ransom proceeds. Cheng contends that her sentence must be vacated because she was denied her Sixth Amendment right to effective assistance of counsel. For the reasons discussed below, the Court DENIES Cheng's petition.

## I. BACKGROUND [2]

### A. FACTS

On April 17, 2000, Cheng was arrested in Hong Kong. She was extradited to the United States on July 1, 2003 and charged with: conspiracy, in violation of 18 U.S.C. § 371 ("Count One"); hostage taking, in violation of 18 U.S.C. §§ 1203(a) and 2 ("Count Two"); money laundering, in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 2 ("Counts Three and Four"); and trafficking in ransom proceeds, in violation of 18 U.S.C. §§ 1202 and 2 ("Count Five").

After a jury trial in the Southern District of New York, from May 9, 2005 to June 22, 2005, Cheng was convicted on Counts One, Three, and Five. The jury returned an acquittal on Count Four and the district court declared a mistrial on Count Two.

On March 16, 2006, the court sentenced Cheng to 60 months of imprisonment on Count One, 240 months of imprisonment on Count Three, and 120 months of imprisonment on Count Five, as well as three years of supervised release and a fine of $250,000. Cheng appealed her convictions and sentences on Counts Three and Five and the Second Circuit Court of Appeals affirmed on November 19, 2007, 2007 WL 4102736. She then petitioned for a writ of certiorari to the Supreme Court of the United States, which it denied on November 3, 2008. Cheng filed the instant Petition on November 3, 2009.[3]

### B. CHENG'S CLAIMS

Cheng argues that her Sixth Amendment rights were violated as a result of ineffective assistance of counsel. Cheng contends that certain cumulative errors on the part of her attorney, Lawrence Hochheiser ("Hochheiser"), rendered his assistance ineffective. Specifically, Cheng alleges that Hochheiser: (1) inadequately consulted with her before and during trial;

**1.** Some court submissions refer to the petitioner by her given name, "Ping." Since the petitioner's surname is "Cheng," the Court, in keeping with its ordinary practice, will refer to her by that name.

**2.** The factual and procedural summary below is derived from the following documents and any exhibits attached thereto: Declaration of Cheng Chui Ping, dated October 31, 2009 ("Cheng's Decl."); Declaration of James Sherry, dated November 2, 2009 ("Sherry's Decl."); Memorandum of Law in Support of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, dated November 3, 2009 ("Petition");

Memorandum of Law of the United States of America in Opposition to Cheng Chui Ping's Motion to Set Aside or Correct Her Sentence, dated June 2, 2010; and Reply Memorandum of Law in Support of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, dated July 19, 2010. Except where specifically referenced, no further citation to these sources will be made.

**3.** Cheng did not raise a claim of ineffective assistance of counsel on appeal because she did not become aware of the factual basis for her claim until August 2009.

(2) did not provide her with Chinese translations of any English-language documents relevant to her case; (3) did not interview the Government's witnesses before they took the stand and did not inform her of the identity of the Government's witnesses; (4) failed to call any witnesses or present any exhibits and instead relied entirely on cross-examination of the Government's witnesses; and (5) did not present any mitigating character evidence during sentencing. Cheng contends that these purported errors, whether considered together or in isolation, demonstrate that she was denied effective assistance of counsel.

## II. *DISCUSSION*

### A. *LEGAL STANDARD*

■ A person in federal custody may move to vacate, set aside, or correct her sentence if it was imposed in violation of "the Constitution or laws of the United States, or the court was without jurisdiction to impose such a sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Claims of ineffective assistance of counsel may be raised under § 2255. *See Massaro v. United States,* 538 U.S. 500, 508–09, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

■ The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *See Kimmelman v. Morrison,* 477 U.S. 365, 374–75, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). In *Strickland v. Washington,* the Supreme Court established a two-part test to determine whether defense counsel's assistance was ineffective. *See* 466 U.S. 668, 674, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must show that "counsel's representation fell below an objective standard of reasonableness ... under prevailing norms." *Id.* at 688–89, 104 S.Ct. 2052. Second, the defendant must show that she suffered prejudice as a result of defense counsel's deficient performance. *See id.* at 693, 104 S.Ct. 2052. Prejudice is established where "there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

■ Counsel has a duty to investigate. *See id.* at 691, 104 S.Ct. 2052. Counsel's decision not to investigate must be assessed for reasonableness under the circumstances. *See id.* "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690–91, 104 S.Ct. 2052.

■ Counsel's competence is presumed and the petitioner must rebut this presumption. *See Kimmelman,* 477 U.S. at 384, 106 S.Ct. 2574. Consequently, "[t]he *Strickland* standard is rigorous, and the great majority of habeas petitions that allege constitutionally ineffective counsel founder on that standard." *Lindstadt v. Keane,* 239 F.3d 191, 199 (2d Cir.2001).

### B. *APPLICATION*

■ Cheng claims that Hochhesier did not adequately consult with her before trial, failed to provide her with Chinese translations of English-language documents, did not interview the Government's witnesses or inform Cheng of their identity, failed to call any witnesses or present any exhibits, and failed to present mitigating character evidence during the sentencing phase. The Court need not determine

whether these allegations constitute representation that fell below an objective standard of reasonableness under the first prong of *Strickland* because it finds that Cheng has not shown that these purported errors were prejudicial under *Strickland*'s second prong. *See Strickland*, 466 U.S. at 697, 104 S.Ct. 2052 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.").

■ Under *Strickland*'s second prong, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693, 104 S.Ct. 2052. Unless counsel entirely fails to present any meaningful defense, there must be a specific showing of prejudice. *See United States v. Cronic*, 466 U.S. 648, 659 & n. 26, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Cheng has not meet this threshold showing.

The Court is not persuaded that Cheng was prejudiced by Hochheiser's failure to adequately consult with her. Cheng has not made any specific allegations that this purported lack of communication weakened her case. Besides, even assuming that Hochheiser did not extensively consult with Cheng prior to trial, she was present during the six weeks of trial and presumably had the opportunity to communicate with Hochheiser at that time. *See United States v. Nuculovic*, No. 04 Cr. 1110, 2006 WL 3591930, at *12 (S.D.N.Y. Dec. 12, 2006) (denying defendant's claim that he was unable to adequately consult with defense counsel when defendant was seated next to his lawyer during a three-month trial).

The Court is similarly unpersuaded that Cheng was prejudiced by Hochheiser's failure to provide her with Chinese-language documents. Again, Cheng has not identified any particular document that would have been advantageous to her defense. Even if such a document could be identified, there is no constitutional requirement that all written documents be provided in the defendant's native language, especially if a translator is present during all relevant court proceedings. *See Sanders v. United States*, 130 F.Supp.2d 447, 449 (S.D.N.Y.2001).

The Court also finds that Cheng has failed to show that she was prejudiced by counsel's failure to interview the Government's witnesses before trial or discuss the identity of the Government's witnesses with her. With regard to both of these accusations, Cheng has not satisfied the second prong of *Strickland* since she has made "only the most conclusory assertions with respect to [counsel's] shortcomings and the likely effect of these alleged deficiencies on the jury's verdict." *United States v. Feyrer*, 333 F.3d 110, 120 (2d Cir.2003) (rejecting an ineffective assistance of counsel claim when defendant argued that, among other things, defense counsel failed to conduct proper pretrial investigation and investigate witnesses).

Cheng is similarly unable to show that she was prejudiced by counsel's failure to call witnesses and present exhibits. Cheng has not identified any particular exhibits or witnesses that could have strengthened her case.[4] "A lawyer's role

---

4. In her Petition, Cheng alleges that Hochheiser failed to investigate claims made by a confidential source ("CS"). In response to this allegation, the Court directed the Respondent to obtain an affidavit from Hochheiser explaining the steps he took to investigate certain letters he allegedly received from CS. Hochheiser submitted such an affidavit, dated September 24, 2010. Cheng, through her counsel, submitted a response to that affidavit by letter dated September 27, 2010. Upon review of these submissions, the Court finds

is not to create witnesses out of thin air ... it is a reasonable tactical decision to rely on attacking the government's witnesses rather than calling witnesses who will be subject to cross-examination by the government." *Leaks v. United States,* 841 F.Supp. 536, 545 (S.D.N.Y.1994). Accordingly, in the absence of a reference to any specific witnesses or exhibits that Hochhesier should have presented, the Court is not convinced that these decisions prejudiced Cheng.

Finally, Cheng was not prejudiced by Hochheiser's failure to present mitigating character testimony during the sentencing phase. During Cheng's sentencing hearing, Hochheiser made a number of arguments objecting to the pre-sentencing report and in favor of a mitigated sentence. For example, Hochheiser identified factual inaccuracies in the pre-sentencing report and contended that certain facts considered in the sentencing report had not been found by a jury as required by *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). (*See* Sherry's Decl. Ex. Q.) During the sentencing hearing Hochheiser attempted to minimize Cheng's role in the crimes for which she was convicted and claimed that it would be unfair to subject her to greater punishment than the three confessed murderers who testified against her. Hochheiser argued that: "I think [Cheng] is a better person than [the Government cooperators] are. I think that her crimes ... had less enormity than theirs did and I think she should get a sentence consistent with the kinds of sentences that have been mete out to those other people involved in this case." (*Id.* Ex. P at 10–12.)

The Court is persuaded that, to the extent that Hochheiser failed to present further mitigating character evidence, he made a strategic determination that it was best to focus on legal arguments and sentencing disparities rather than attempting to redeem Cheng's reputation. *See Strickland,* 466 U.S. at 699, 104 S.Ct. 2052 (rejecting an ineffective assistance argument where defense counsel failed to present mitigating character evidence when "the evidence that respondent says his trial counsel should have offered at the sentencing hearing would barely have altered the sentencing profile presented to the sentencing judge ... at most this evidence shows that numerous people who knew respondent thought he was generally a good person"). Accordingly, the Court finds that Cheng's ineffective assistance claim with respect to Hochheiser's performance during the sentencing phase is also without merit.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the petition dated November 3, 2009 of Petitioner Cheng Chui Ping ("Cheng") to vacate, set aside, or otherwise correct her conviction and sentence pursuant to 28 U.S.C. § 2255 is DENIED.

As Cheng has not made a substantial showing of a denial of a constitutional right,' a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c).

**SO ORDERED.**

no basis for Cheng's claim of ineffective assistance with respect to this issue.