Mark OCHOA, Petitioner,

v.

Dennis BRESLIN, Superintendent
of Arthur Kill Correctional
Facility, Respondent.

No. 10 Civ. 3863(VM).

United States District Court,
S.D. New York.

July 13, 2011.

498

Mark Ochoa, Long Island City, NY, pro se.

Jason Scott Whitehead, Bronx District Attorney Office, Bronx, NY, for Respondent.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Petitioner Mark Ochoa ("Ochoa") brings this pro se petition (the "Petition") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (" § 2254") against Dennis Breslin ("Respondent"), the superintendent of New York State's Arthur Kill Correctional Facility. Ochoa is currently serving a sentence of ten years of imprisonment plus five years of post-release supervision following his conviction after trial in a New York State court for robbery in the second degree. Ochoa contends that, for a variety of reasons, his Sixth and Fourteenth Amendment Rights were violated during the course of his trial. For the reasons discussed below, the Court DENIES Ochoa's Petition.

## I. BACKGROUND [1]

This case arises out of a robbery that occurred in January of 2003, when Fernando Cruz ("Cruz") brought an Xbox video

---

**1.** The factual and procedural summary below is derived from the following documents and any exhibits attached thereto: Petition, dated March 21, 2010; Respondent's Declaration in Opposition to Petition for a Writ of Habeas Corpus, dated October 6, 2010 ("Reap. Decl."); Respondent's Memorandum of Law, dated October 6, 2010 ("Resp. Mem."); People v. Ochoa, 10 Misc.3d 1060(A), 809 N.Y.S.2d 483, 2005 WL 3454327 (Sup.Ct. 2005) ("Ochoa I"); People v. Ochoa, 57 A.D.3d 342, 869 N.Y.S.2d 461 (1st Dep't 2008); and People v. Ochoa, 14 N.Y.3d 180, 899 N.Y.S.2d 66, 925 N.E.2d 868 (2010) ("Ochoa II"). Except where specifically referenced, no further citation to these sources will be made.

game console ("Xbox") to the apartment of Madeline Ruballo ("Ruballo"). Cruz met Ruballo, Ochoa and Michael Figueroa ("Figueroa") at the apartment, and the four spent the evening smoking crack cocaine. The following day, as Cruz tried to leave the apartment, Ochoa and Figueroa attempted to take his Xbox. A physical fight ensued between Figueroa and Cruz. Ochoa assisted Figueroa by striking Cruz on the back and pulling Cruz's jacket over his head. The fight culminated in Figueroa cutting Cruz's hand with a box cutter, which enabled Figueroa and Ochoa to flee the apartment with the Xbox.

Ochoa and Figueroa were jointly tried for the robbery in New York State Supreme Court, Bronx County ("Trial Court"). Ochoa was acquitted, among other charges, of robbery in the first degree, but convicted of robbery in the second degree. Figueroa was convicted of two counts of robbery in the second degree and one count of criminal possession of a weapon. The Trial Court sentenced Ochoa as a second felony offender to ten years of incarceration plus five years of post-release supervision.

Following an unsuccessful motion to set aside the verdict pursuant to New York Criminal Procedural Law § 330.30 (" § 330.30"), Ochoa appealed to the New York State Supreme Court, Appellate Division, First Judicial Department ("Appellate Division"). He argued that he was deprived of his state and federal constitutional rights to a fair trial, because: (1) trial counsel provided him with ineffective assistance; (2) the Trial Court held an ex parte conference with a juror during deliberations; (3) the Trial Court erroneously admitted prior consistent statements of key prosecution witnesses during redirect examination, which improperly bolstered the prosecution's case; and (4) the evidence was legally insufficient to support a

conviction. The Appellate Division denied the claims and affirmed Ochoa's conviction.

Subsequently, Ochoa was granted leave to appeal to the New York Court of Appeals ("Court of Appeals") before which he raised his ex parte conference and improper bolstering claims. The Court of Appeals affirmed the Appellate Division's findings on both claims.

On March 21, 2010, Ochoa timely filed the instant Petition. In the Petition, Ochoa claims that he was denied a fundamentally fair trial as guaranteed by the Sixth and Fourteenth Amendments because of (1) ineffective assistance of counsel; (2) an ex parte conference conducted by the Trial Court with a juror during deliberations; and (3) improper bolstering of the prosecution's case.

## II. DISCUSSION

### A. LEGAL STANDARD FOR HABEAS RELIEF

As a starting point, the Court notes that Ochoa is a pro se litigant. Accordingly, his submission must be held "to less stringent standards than formal pleadings drafted by lawyers." *Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir.1993) (*quoting Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). The Court must construe Ochoa's submissions "liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999) (internal quotation marks and citation omitted). A pro se litigant, however, is not exempt "from compliance with relevant rules of procedural and substantive law." *Boddie v. N.Y. State Div. of Parole*, 285 F.Supp.2d 421, 426 (S.D.N.Y. 2003) (*quoting Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983)).

### 1. *Exhaustion*

▮▮▮ A petitioner in custody pursuant to a judgment of a state trial court is entitled to federal habeas relief only if he has exhausted all available state court remedies. *See* 28 U.S.C. § 2254(b)-(c). "Exhaustion of state remedies requires that petitioners fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (internal quotation marks omitted). A petitioner need not have cited "book and verse on the federal constitution" in his claim in state court for the claim to have been exhausted. *Picard v. Connor*, 404 U.S. 270, 278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (*quoting Daugharty v. Gladden*, 257 F.2d 750, 758 (1958)). Instead, a petitioner may have fairly presented his claim to state courts through

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

*Daye v. Attorney Gen. of the State of N.Y.*, 696 F.2d 186, 194 (2d Cir.1982).

### 2. *Independent and Adequate State Grounds*

▮▮▮ A federal court's authority to review a habeas petition also depends on whether the state court adjudicated the petitioner's claims on the merits or on state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). A claim resolved on independent and adequate state procedural grounds is generally not subject to habeas review. *See id.*

▮▮▮ A claim resolved in state court on the merits, however, may be subject to habeas review. A state court resolves a claim on the merits when it reduces its disposition to a final judgment with res judicata effect on substantive rather than procedural grounds. *See Sellan v. Kuhlman*, 261 F.3d 303, 311–12 (2d Cir.2001); *see also Castillo v. Walsh*, 443 F.Supp.2d 557, 562 (S.D.N.Y.2006).

### 3. *Substantive Grounds for Federal Habeas Relief*

▮▮▮ Federal habeas review of state court decisions is governed by the standard set forth in the Anti–Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §§ 2241–55 ("AEDPA"). AEDPA provides that

> [a] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). Accordingly, a petitioner must demonstrate that his state court conviction violated federal law. *See Di Guglielmo v. Smith*, 366 F.3d 130, 136–37 (2d Cir.2004) (*citing Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)).

▮▮▮ Not every alleged violation of federal law, however, will warrant the issuance of a writ of habeas corpus. *See Thurman v. Allard*, No. 01 Civ. 8746, 2004 WL 2101911, at *11 (S.D.N.Y. Sept. 22, 2004). Where a state court has decided a petitioner's federal claims on the merits, a federal district court may grant habeas relief only if the state court's decision:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

 For the purposes of federal habeas review, "clearly established federal law" refers to the holdings, as opposed to dicta, of Supreme Court decisions in effect at the time of the relevant state court decision. *See Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court decision is "contrary to clearly established federal law" within the meaning of § 2254(d) if a state court decision contradicts relevant Supreme Court precedent or "if the state court confronts a set of facts that are materially-indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Id.* at 406, 120 S.Ct. 1495. Under this standard, as long as the state court decision applies the correct legal rule to the petitioner's facts, it is not subject to habeas review, even if the federal court would have reached a different conclusion if it were to apply the rule itself. *See id.* at 406, 120 S.Ct. 1495.

 A state court decision is based on an "unreasonable application of clearly established federal law" if the court correctly identifies the legal rule set forth in governing Supreme Court cases, but unreasonably applies the rule to the particular facts of the case. *See id.* at 412–13, 120 S.Ct. 1495. A federal court may grant habeas relief only where the state court decision, as it pertains to any issue of

federal law, was objectively unreasonable in light of relevant precedent. *See id.* at 409, 120 S.Ct. 1495. In construing and applying federal law, even erroneous state court decisions, if deemed reasonable, will survive habeas review. *See id.* at 411, 120 S.Ct. 1495. However, the state court decision need not be "so far off the mark as to suggest judicial incompetence" before habeas relief may be granted. *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir.2000) (internal quotation marks omitted). Thus an unreasonable application "falls somewhere between 'merely erroneous and unreasonable to all reasonable jurists.'" *Jones v. Stinson*, 229 F.3d 112, 119 (2d Cir.2000) (*quoting Francis S.*, 221 F.3d at 109).

## B. APPLICATION

### 1. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Ochoa alleges that trial counsel provided ineffective assistance in violation of the Sixth Amendment in failing to: (1) interview Ochoa before trial; (2) interview, rehabilitate or excuse a juror who stated during voir dire that she was biased toward law enforcement officers' testimonies; and (3) object to an ex parte conference with the jury foreperson, or inquire why the juror did not feel comfortable announcing the verdict.

 Ochoa has not exhausted all available state court remedies for his claim of ineffective assistance of counsel. Prior to seeking federal habeas review, a petitioner must raise his claim in the highest state court capable of reviewing the claim. *See Levine v. Comm'r of Corr. Servs.*, 44 F.3d 121 (2d Cir.1995). Although Ochoa appealed his conviction to the Court of Appeals, New York's highest court, he did not raise ineffective assistance of counsel

before that court.[2] Because Ochoa failed to fairly present the claim to the Court of Appeals, the Court finds it unexhausted.

Even if Ochoa's ineffective assistance of counsel claim was properly before the Court, however, it would still be without merit. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *see also Aparicio v. Artuz*, 269 F.3d 78, 91 n. 5 (2d Cir.2001) ("AEDPA permits a habeas court to reject a claim on the merits notwithstanding the fact that it is unexhausted.").

To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, a criminal defendant must demonstrate that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88, 104 S.Ct. 2052. This burden entails overcoming the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689, 104 S.Ct. 2052 (internal quotation marks and citations omitted). In effect, the petitioner must indicate "errors so ser-

ious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *id.* at 687, 104 S.Ct. 2052, and that he "failed to exercise the skills and *diligence* that a reasonably competent attorney would provide under similar circumstances." *Boria v. Keane*, 99 F.3d 492, 496 (2d Cir.1996) (internal citation omitted) (emphasis in original).

Second, a petitioner must demonstrate actual prejudice to his case as a result of counsel's error. *See Strickland*, 466 U.S. at 691, 104 S.Ct. 2052 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."); *United States v. Campbell*, 300 F.3d 202, 214 (2d Cir.2002) (stating that both *Strickland* prongs must be met in order for a petitioner to prevail on an ineffective assistance of counsel claim).

Even though Ochoa's ineffective assistance of counsel claim is not properly before the Court, the Court denies it on the merits in light of the rigorous *Strickland* standard.

### a. *Pre-trial Consultation*

■ Ochoa alleges that counsel was ineffective in failing to interview him prior to trial. The Court disagrees. It is not objectively unreasonable for counsel to consult with a defendant during trial rather

---

**2.** Ochoa requests that the Court allow him to "continue with his claim" although "appellate counsel failed to raise the ineffective assistance of trial counsel in the Court of Appeal [sic] brief." Petition at 7. The Court liberally construes Ochoa's request as a claim for ineffective assistance of appellate counsel. *See McPherson*, 174 F.3d at 280. The Sixth Amendment grants a right to counsel solely for the defendant's first appeal. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Ochoa's appeal of right was directed to the Appellate Division,

and his subsequent appeal to the Court of Appeals was discretionary. He may not allege a violation of his Sixth Amendment right to effective assistance of counsel for a discretionary appeal. *See Wainwright v. Torna*, 455 U.S. 586, 587–88, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely."). Accordingly, Ochoa's ineffective assistance of appellate counsel claim is denied.

than before trial. *See Cheng Chui Ping v. Willingham,* 746 F.Supp.2d 496, 500 (S.D.N.Y.2010) (denying ineffective assistance of counsel claim for failure to adequately consult prior to trial, as defendant could have consulted with counsel during trial); *United States v. Nuculovic,* No. 04 Cr. 1110, 2006 WL 3591930, at *12 (S.D.N.Y. Dec. 12, 2006). Throughout the trial, Ochoa and counsel were seated next to each other, providing them with ample opportunity to confer.

■ Additionally, Ochoa fails to prove that the lack of pre-trial consultation prejudiced him. Ochoa has not made any specific allegations as to how the purported lack of communication weakened the defense's position. Failure to indicate "what would have been achieved by additional face-to-face communication" is fatal to an ineffective assistance of counsel claim. *Rosario v. Bennett,* No. 01 Civ. 7142, 2002 WL 31852827, at *30 (S.D.N.Y.2002) (*quoting Billy-Eko v. United States,* 8 F.3d 111, 118 (2d Cir.1993)).

b. *Juror Bias*

■ Likewise, Ochoa's claim that his trial counsel was ineffective in failing to interview, rehabilitate or excuse for cause a juror who professed during voir dire a potential bias toward law enforcement officers is equally without merit. The Court has read the ambiguous voir dire exchange and is not persuaded that it was unreasonable for counsel to elect not to pursue the juror's potential bias. Even if the Court were to accept Ochoa's contention that counsel's action was objectively unreasonable, Ochoa offers no evidence to suggest that the law enforcement officers' testimonies persuaded the juror to find Ochoa guilty. It is just as likely that the juror was swayed by the testimonies of Cruz and Ruballo, civilian witnesses. Since Ochoa's empty allegations fail to establish a reasonable probability that the outcome of the case would have been different had counsel probed the juror's bias, his claim fails.

c. *Failure to Object to Ex Parte Conference*

■ Ochoa further contends that counsel's failure to object to an ex parte conference with a juror rose to the level of ineffective assistance. The Honorable Dominic R. Massaro stated that he conducted the ex parte conference in response to receiving a personal note from the jury foreperson, which read: "Your Honor, I do not feel comfortable reading this verdict." Resp. Decl., Ex. 2. Judge Massaro explained that he met privately with the juror in the robing room and informed him that his sole responsibility was to respond to direct questions by the Trial Court regarding the jury's verdict, whereupon the foreperson agreed to do so. Judge Massaro subsequently reported the exchange to the prosecution and defense, stating that the juror's sole concern was that "[h]e thought he narratively had to report, and I told him, no, it was question and answer and then he said okay." Resp. Mem. at 13.

Trial counsel did not object to the conference. To the contrary, counsel stated that he had "no problem" upon hearing Judge Massaro's report of the meeting. *Id.* at 12. It was within counsel's discretion to refrain from objecting to the ex parte conference. "Failure to make a motion ... that likely would not have been granted cannot constitute ineffective assistance. A lawyer has an obligation to apply his or her independent professional judgment in deciding which arguments to make ...." *Elgabrowny v. United States,* No. 93 Cr. 181, 2003 WL 22416167, at *7 (S.D.N.Y. Oct. 22, 2003) (internal quotation marks and citations omitted). Given the broad discretion accorded to counsel under

*Strickland*, it was not unreasonable for counsel not to raise an argument that likely would have been unsuccessful. Furthermore, Ochoa has not established a reasonable probability that, even if counsel had objected, Judge Massaro would have granted a mistrial. Thus, Ochoa's claim of ineffective assistance based on his trial counsel's failure to object to the ex parte conference fails both prongs of the *Strickland* test.

Indeed, upon review of the record as a whole, the Court finds that counsel provided effective assistance. The Court is persuaded by the Trial Court's decision and order denying Ochoa's § 330.30 motion to set aside the verdict:

> Here, based on the totality of the representation from Messrs. Weiss, Mechanic, Silveri and Sefal, including the fact that Defendants were found not guilty of the top counts, it is clear that they were not so deficient so as to deny Defendants meaningful representation. Indeed, the record indicates that counsels effectively argued for Defendants. This includes filing pre-trial Omnibus motions, which were successful in obtaining pre-trial hearings, and, at those hearings, as well as during trial, counsels not only conducted lengthy cross-examinations of the People's witnesses, in which they made effective use of the witnesses [sic] Grand Jury testimony, but also made numerous objections, many of which were sustained. Likewise, counsels also delivered cogent opening statements and summations. Furthermore, counsels argued enthusiastically and persuasively on their clients' behalf at all of the pre- and post-trial hearings as well as at the trial itself. Thus, under the totality of the circumstances, it can hardly be said that defense counsel did not provide meaningful representation.

*Ochoa I*, 10 Misc.3d 1060(A), 2005 WL 3454327, at *13 (internal citations omitted). The Court therefore finds that Ochoa was not deprived of his Sixth Amendment right to effective assistance of counsel.

## 2. DUE PROCESS CLAIMS

### a. *Ex Parte Conference*

 Ochoa further claims that his exclusion from Judge Massaro's ex parte conference with the jury foreperson deprived him of his constitutional right to be present during a material stage of the trial proceedings. He contends that because defense counsel was not notified in advance of the conference, the meeting was conducted off the record, and the juror's note to Judge Massaro was never read in open court, his trial was fundamentally unfair in violation of the Fourteenth Amendment.[3]

 Ochoa was not deprived of a fundamentally fair trial as guaranteed by the Due Process Clause. Ex parte conferences between trial judges and jurors do not always implicate due process rights. *See United States v. Gagnon*, 470 U.S. 522, 526, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985) (*quoting Rushen v. Spain*, 464 U.S. 114, 125–26, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983)) ("[T]he mere occurrence of an *ex parte* conversation between a trial judge

---

**3.** Ochoa also argues that his exclusion from the conference was a violation of his Sixth Amendment rights. "The constitutional right to presence is rooted to a large extent in the Confrontation Clause of the Sixth Amendment, but [the Supreme Court has] recognized that this right is protected by the Due Process Clause in some situations where the defendant is not actually confronting witnesses or evidence against him." *United States v. Gagnon*, 470 U.S. 522, 526, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985) (internal citation omitted) (Stevens, J., concurring in judgment). Accordingly, the Court focuses its analysis on Ochoa's due process claims.

and a juror does not constitute a deprivation of any constitutional right. The defense has no constitutional right to be present at every interaction between a judge and a juror, nor is there a constitutional right to have a court reporter transcribe every such communication."). Rather, a defendant's right to be present at a trial proceeding "is triggered only when the defendant's 'presence has a relation, reasonably substantial, to the fulness [sic] of his opportunity to defend against the charge.'" *Cohen v. Senkowski,* 290 F.3d 485, 489 (2d Cir.2002) (*quoting Snyder v. Massachusetts,* 291 U.S. 97, 105–06, 54 S.Ct. 330, 78 L.Ed. 674 (1934)). The essential inquiry under *Snyder* is, therefore, whether the ex parte conference deprived Ochoa of the opportunity to fully defend himself against criminal charges.

Both the Appellate Division and the Court of Appeals reasonably determined that the procedural nature of the conference meant that Ochoa could not have meaningfully participated, and therefore the conference did not detract from his ability to defend himself against criminal charges.[4] Because the state court decisions are not contrary to clearly established federal law as set forth in *Snyder,* *see* 28 U.S.C. § 2254(d), the Court denies Ochoa's claim that the ex parte conference violated his due process rights.

b. *Improper Bolstering*

■ Ochoa argues that the admission of out-of-court statements of two prosecution witnesses, Cruz and Ruballo, improperly bolstered the prosecution's case, which denied him of the right to a fundamentally fair trial as guaranteed by the Due Process Clause. He argues that the Trial Court erred in allowing the prosecutor to rehabilitate Cruz and Ruballo, using their prior consistent statements over numerous objections by defense counsel.

A review of the record indicates that Cruz's and Ruballo's accounts of the robbery before and during the trial were indeed inconsistent. Initially, in their pretrial statements, Cruz and Ruballo fabricated details, such as the time and location of the offense. Later, at trial, they explained that their earlier fabrications were an attempt to conceal, among other things, their illegal drug use. The Trial Court authorized redirect examination of Cruz and Ruballo following the defense's cross-examination, which enabled the prosecution to clarify which parts of the testimonies were falsified and which were truthful. Ochoa objects to the redirect examination, contending that it constituted impermissible bolstering of the prosecution's case.

■ First, the Court notes that both the Appellate Division and Court of Appeals concluded that the redirect examination did not constitute impermissible bolstering of the prosecution's case. Nonetheless, even if the Court were to accept Ochoa's contention, improper bolstering does not rise to the level of a due process violation. "While the practice of bolstering is prohibited in various states, including New York, it is not forbidden by the Federal Rules of Evidence and is not sufficiently prejudicial to deprive a defendant of his due process rights to a fair trial." *Nieves v. Fischer,* No. 03 Civ. 9803, 2004 WL 2997860, at *7 (S.D.N.Y.

---

4. The Court of Appeals noted that it might have been more prudent for Judge Massaro to notify defense counsel prior to conducting a conference with the juror, as "[t]he foreperson's personal note was ambiguous, and given its language, could have been substan- tive." *Ochoa II,* 899 N.Y.S.2d 66, 925 N.E.2d at 872. However, the Court of Appeals concludes that Judge Massaro acted within his discretion in electing not to give notice, in light of the ministerial nature of the inquiry. This Court agrees on both counts.

Dec. 28, 2004) (internal quotation marks and citations omitted); *Kanani v. Phillips,* No. 03 Civ. 2534, 2004 WL 2296128, at *21 (S.D.N.Y. Oct. 13, 2004) ("The rule forbidding 'bolstering' is a state law standard, and a claim that a witness's testimony constituted improper bolstering does not state a federal constitutional claim cognizable on habeas corpus"), *report and recommendation adopted,* No. 03 Civ. 2534, 2005 WL 2431416 (S.D.N.Y. Oct. 3, 2005). Because Ochoa's improper bolstering claim does not implicate a federal constitutional right, it does not rise to the level of a due process violation. The claim is therefore denied.

## III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the petition (Docket No. 2) of petitioner Mark Ochoa for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

As Ochoa has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 111–13 (2d Cir.2000).

The Clerk of Court is directed to terminate any-pending motions and to close this case.

**SO ORDERED.**